THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

| | |
|---|---|
| ROGER HILL, an individual, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| MARK WARSEWA an individual; and | ) |
| LINDA JOSEPH, an individual, | ) |
| | ) |
| Defendants | ) |
| | |
| STATE OF COLORAD0, | ) |
| | ) |
| | ) |
| "Interested Party") | |

---

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

---

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO; THE DISTRICT COURT FOR THE
ELEVENTH JUDICIAL DISTRICT FOR FREMONT COUNTY, COLORADO;
PLAINTIFF ROGER HILL AND HIS ATTORNEY ALEXANDER HOOD; AND THE
STATE OF COLORADO, AND ITS ATTORNEYS FREDERICK R. YARGER
AND SCOTT STEINBRECHER

Pursuant to 28 U.S.C. Sections 1331, 1441(a), and 1446, the two

defendants in this case, Mark Warsewa and Linda Joseph ("Defendants"), by and

through their attorneys Kirk B. Holleyman and Kirk Holleyman, P.C hereby give

notice and remove this case to the United States District Court for the District of

Colorado.

Defendants respectfully represent the following as grounds for removal

pursuant to 28 U.S.C. Section 1446(a):

1

1. On May 31, 2018, a civil action was commenced by the plaintiff Roger Hill against the two defendants Mark Warsewa and Linda Joseph in the District Court of the Eleventh Judicial District for Fremont County, Colorado, by the filing of a Complaint in Case No. 2018 CV 030069. The Complaint caption states "Plaintiffs: Roger Hill; Defendants: Mark Warsewa and Linda Joseph; Interested Party: State of Colorado." ("Complaint").  <u>The State of Colorado is not named as a defendant, and has not joined the case as a plaintiff.</u> Nevertheless, Plaintiff has tried to bring the State of Colorado into this case in a manner not authorized by the Colorado Rules of Civil Procedure or the Federal Rules of Civil Procedure, by calling it an "Interested Party," which is not a party at all.[1] Copies of the Summons and Complaint and Exhibits 1-3 thereto served upon Defendant Mark Warsewa by Plaintiff's process server are filed herewith as are copies of the Summons and Complaint and Exhibits 1-3 thereto served upon Defendant Linda Joseph by Plaintiff's process server.

2. The Summons and Complaint were served on Defendant Mark Warsewa on June 15, 2018 and the Summons and Complaint were served upon Defendant Linda Joseph on June 15, 2018. This Notice of Removal is timely filed pursuant to 28 U.S.C. Section 1446(b)(1) ("within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within

---

[1] A computer search for the term "Interested Party" shows that term appears only once in the entirety of the Federal Rules of Civil Procedure: in Rule F8 of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The same term appears in only one of the Colorado Rules of Civil Procedure (Rule 121, Section 1-23 regarding bonds).

30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.")

3. The alleged rights which the Plaintiff seeks to vindicate against the two defendants in its First Claim for Relief entitled "Declaratory Judgment Pursuant to C.R.C.P. 57 Plaintiff Hill vs. Defendants Warsewa and Joseph" are based on Plaintiff's assertion that the State of Colorado owns the bed of the Arkansas River within the boundaries of the Defendants' deeded lot, under the doctrine of "navigability for title." (Complaint, paragraphs 61-65).

4. Whether the Arkansas River at the location where it crosses Defendants' property is "navigable for title" of necessity raises a question under the United States Constitution and the Equal Footing Doctrine and therefore is a question of federal law, pursuant to 28 U.S.C. Section 1331. *PPL Montana, LLC v. Montana,* 565 U.S. 576, 590-591, 132 S.Ct. 1215, 1227, 182 L.Ed.2d 77, 91-92,  80 U.S.L.W. 4177 (2012) ("The rule for state riverbed title assumed federal constitutional significance under the equal-footing doctrine [citations deleted]… These precedents are the basis for the equal-footing doctrine, under which a State's title to these lands was " conferred not by Congress but by the Constitution itself." *Oregon ex rel. State Land Bd. v. Corvallis Sand & Gravel Co.*, 429 U.S. 363, 374, 97 S.Ct. 582, 50 L.Ed.2d 550 (1977). It follows that any ensuing questions of navigability for determining state riverbed title are governed by federal law. See, *e.g., United States v. Utah*, 283 U.S. 64, 75, 51 S.Ct. 438,

75 L.Ed. 844 (1931); *United States v. Oregon*, 295 U.S. 1, 14, 55 S.Ct. 610, 79 L.Ed. 1267 (1935).")

5. The "navigability for title" doctrine is inextricably intertwined with the Equal Footing Doctrine for the purpose of land title determinations. *See PPL Mont., LLC v. Montana*, 565 U.S. 576, 592, 132 S.Ct. 1215, 182 L.Ed.2d 77 (2012) ("For state title under the equal-footing doctrine, navigability is determined at the time of statehood..."). The Equal Footing Doctrine guarantees to states the fundamental attributes of state sovereignty and that all states are entitled to the same level of sovereignty as is held by the original thirteen states, and is clearly a constitutional right of a state. *Summa Corp. v. California*, 466 U.S. 198, 205, 104 S.Ct. 1751, 80 L.Ed.2d 237 (1984). ("The Federal Government, of course, cannot dispose of a right possessed by the State under the equal-footing doctrine of the [104 S.Ct. 1756] United States Constitution. *Pollard's Lessee v. Hagan,* 3 How. 212 (1845)") [Emphasis added]. It arises under the New States Clause of Article IV of the United States Constitution, that "[n]ew States may be admitted by the Congress into this Union." See U.S. Const. Art. IV, § 3, cl. 1.  Pursuant to the Equal Footing Doctrine, a newly admitted state comes "into the union on an equal footing with the rest." See *Pollard v. Hagan*, 44 U.S. 212, 216, 11 L.Ed. 565 (1845).

6. Therefore, even though this most recent version of Plaintiff's Complaint[2] has been repackaged so as to appear to be based on state law, because it of necessity involves construction of federal law under the doctrine of "navigability for title" and the "equal footing doctrine" of the United States Constitution, it falls within the scope of 28 U.S.C. Section 1331. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). (Regardless of the allegations of a state law claim, "where the vindication of a right under state law necessarily turn[s] on some construction of federal law," the claim arises under federal law and thus supports federal question jurisdiction under 28 U.S.C. § 1331.) The declaratory judgment sought by Plaintiff in his Complaint that the State of Colorado owns the portions of the Arkansas River bed at issue, necessarily turns on construction of federal law. In order to resolve the question of riverbed ownership, the question of whether the relevant portions of the riverbed were navigable at the time of statehood must first be decided. Therefore, this case is removable to this Court under 28 U.S.C. Section 1441(a).

---

[2] On February 2, 2018 Plaintiff filed a Complaint against these two defendants in this Court, *Hill v. Mark Everett Warsewa and Linda Joseph,* Case No. 18CV00277 (PAB), of which this Court may take judicial notice, in which Plaintiff asserted a Declaratory Judgment claim under 28 U.S.C. Section 2201 similar to that asserted here, and in which Plaintiff alleged in paragraphs 1 and 2 that it raised a federal question:

"1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.
2. Plaintiffs declaratory judgment claim ••aris[es] under the ... laws ... of the United States" because the question of whether or not the Arkansas River was navigable for title at the time of Colorado's statehood is a question of federal law."

Additionally, in Paragraph 63(b), Plaintiff asserted its claim was based on the "equal footing doctrine" ("these portions of the bed of the Arkansas River are the property of the state of Colorado, held by the state of Colorado in trust for the people of Colorado under the equal footing doctrine…")

7. Plaintiff's Second Claim For Relief is entitled "QUIET TITLE PURSUANT TO C.R.C.P. 105 Requesting an Adjudication of the Rights of Plaintiff, Defendants, and the State of Colorado with Regard to the Subject Real Property." This claim also is predicated upon the success of Plaintiff's argument that the Arkansas River is "navigable for title" where it crosses Defendants' deeded lot. (Complaint, Paragraph 69 ("Rather, the state of Colorado holds title to the subject real property in trust for the public by virtue of the Arkansas River being navigable for title at statehood. ") Therefore, this Court has supplemental jurisdiction over it pursuant to 28 U.S.C. Section 1367(a), because it is so related to the First Claim for Relief in that it forms part of the same case or controversy under Article III of the United States Constitution.

8. The consent of the State of Colorado to this removal is not required, because it is not a defendant in this case. 28 U.S.C. Section 1446(b)(2)(A) provides that "When a civil action is removed solely under section 1441(a), all _**defendants**_ who have been _**properly joined and served**_ must join in or consent to the removal of the action." While Plaintiff calls the State of Colorado an "Interested Party", the Complaint does not name the State of Colorado as a "defendant," and the state has not been joined and served as a defendant. Therefore, under the plain language of the statute, the State of Colorado's consent to removal is not required.

9. Moreover, even assuming _arguendo_ that the plain language of the statute requiring the consent only of "defendants" may be ignored, the consent of the State of Colorado to removal is not required because it is not a party at all, as

the Federal Rules of Civil Procedure do not recognize the term "Interested Party" as denominating a party to civil litigation. *See Fed.R.Civ.P.* Part IV, entitled "Parties" and *Fed.R.Civ.P. 17* entitled "Plaintiff and Defendant; Capacity; Public Officers ". *See also Colo.R.Civ.P.,* Chapter 3 entitled "Parties" and *Colo.R.Civ.P. 17 entitled* "Parties Plaintiff and Defendant; Capacity." Here, the Plaintiff affirmatively chose not to name the State of Colorado as a defendant.

10. Plaintiff's Complaint does not seek to hold the State of Colorado liable, has not prayed for entry of a judgment against the State of Colorado, and has not specifically targeted the State of Colorado. Instead, Plaintiff has alleged only that the State of Colorado is a stakeholder holding title to the Arkansas riverbed "in trust for the public." (Complaint, Paragraphs 2, 6, 13, 50, 61, 63, 69, 73, 75(c)). Even if the State of Colorado is to be viewed by the Court as a party at all under these circumstances—and Defendants assert it is not--for purposes of determining who must consent to removal,  the state is at most a "nominal party," whose consent to removal as a matter of law is not required. A "nominal party" is one "with no real interest in the controversy." *Hann v. City of Clinton, Oklahoma,* 131 F.2d 978, 981 (10th Cir. 1942). Although all defendants must generally consent to the removal of a case, it is not necessary to obtain the consent of a nominal party. *See McShares v. Barry,* 979 F.Supp. 1338, 1342 (D. Kan.1997) (noting exceptions to unanimity requirement for removal including that for nominal defendants). *Cf. Brazelle v. Waite,* No. 12-4047 (10th Cir. 2013) (Utah resident trustee named as a defendant by Utah resident plaintiff in case removed to federal court under diversity jurisdiction by non-resident defendant was "a

nominal party" where claim "in fact seeks no relief specifically against" him and "do not specifically target" him; was "merely a stakeholder…[and] … was properly disregarded as a 'nominal' party;" and therefore trustee's joinder as a defendant did not destroy diversity.)

11. The United States District Court for the District of Colorado is the federal judicial district encompassing the District Court of the Eleventh Judicial District for Fremont County, Colorado, where this suit was originally filed. Therefore, venue is proper in this district.

12. This Notice of Removal is signed pursuant to *Fed.R.Civ.P.* 11.

13. This Notice of Removal is being served promptly after the filing of the same in this Court upon counsel for the Plaintiff Roger Hill and counsel for the "Interested Party" the State of Colorado, and is being filed with the Clerk of the District Court of the Eleventh Judicial District for Fremont County, Colorado.


Dated: July 6, 2018.


KIRK HOLLEYMAN, P.C.

*/s/ Kirk B. Holleyman*
Kirk B. Holleyman, #8325
730 17th Street, Suite 340
Denver, Colorado 80202
Telephone: (303) 436-1699
kirkholleyman@aol.com
ATTORNEY FOR DEFENDANTS
MARK WARSEWA and LINDA JOSEPH