**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 18-cv-01710-KMT

ROGER HILL,

    Plaintiff,

v.

MARK EVERETT WARSEWA,
LINDA JOSEPH, and
THE STATE OF COLORADO

    Defendants.

---

**FIRST AMENDED COMPLAINT**

---

Plaintiff amends his Complaint by right pursuant to Fed. R. Civ. P. 15(a)(1)(B).

## I. INTRODUCTORY STATEMENT

1.     Plaintiff Roger Hill is a 76-year-old fly fisherman who enjoys fishing on the Arkansas River. One spot he particularly enjoys is just upstream from where Texas Creek enters the Arkansas. Defendants Warsewa and Joseph own a home adjacent to the River at that fishing spot. Over the years, these Defendants have repeatedly asserted that the bed of the River at this fishing spot is their private property. Plaintiff Hill has had rocks thrown at him, been threatened with the Sheriff, and one of Plaintiff's fishing buddies was shot at by one of the Defendants while fishing there.

2.     By virtue of the doctrine of navigability for title and for the reasons detailed below, Plaintiff Hill asserts that the bed of the Arkansas River adjacent to Defendant Warsewa and Joseph's property is public land owned by the state of Colorado and that he is within his rights to fish there. Here, Plaintiff Hill asks that the Court declare that Defendants Warsewa and Joseph

have no right to exclude him from his favorite fishing spot, to decree that the Arkansas River in this location is owned by the state of Colorado in trust for the public, and enjoin Defendants Warsewa and Joseph from future attempts to exclude Plaintiff.

## II. PARTIES, JURISDICTION, AND VENUE

3. Jurisdiction is conferred upon this Court by the removal statute, 28 U.S.C. §§ 1441 *et seq.*

4. At all times material to the allegations of this Complaint, Plaintiff Hill and Defendants Warsewa and Joseph were natural persons residing in Colorado.

5. Venue is proper in the District of Colorado because Defendants Warsewa and Joseph reside in Colorado and the real property at issue is located in Colorado.

6. Plaintiff alleges that the real property that is the subject of this suit is owned by the State of Colorado in trust for the public and therefore the State is named as a Defendant.

## III. STATEMENT OF FACTS

**A. The Warsewa Parcel**

7. Defendants Warsewa and Joseph jointly own real property in Fremont County, Colorado with a street address of 493 Shannon Rd, Cotopaxi, CO 81223.

8. According to Defendants' deed, the legal description of this real property is as follows:

> LOT 5, BLOCK 2, GOLDEN ACRE HOMESITES, ACCORDING TO THE RECORDED PLAT THEREOF, FREMONT COUNTY, COLORADO.

9. Defendants' deed is attached to this Complaint as Exhibit 1 and the plat described in the deed is attached to this Complaint as Exhibit 2.

10. This real property is adjacent to the Arkansas River near and just upstream from the confluence of the Arkansas and Texas Creek.

11. This real property will hereinafter be referred to as the Warsewa Parcel.

12. The chain of title for the Warsewa Parcel started with a Federal patent to a private party that was issued after Colorado became a state. Since the issuance of the patent, the chain of title has consisted only of private parties.

13. Plaintiff claims that the bed of the Arkansas River adjacent to the Warsewa Parcel is public land owned by the state of Colorado in trust for the public, while Defendants Warsewa and Joseph have repeatedly asserted that the bed of the River is part of the Warsewa Parcel and their private property.

**B.  Defendants' Assertions of Ownership over the Bed of the Arkansas River**

14. Through a series of events, Defendants Warsewa and Joseph have asserted that the bed of the Arkansas River adjacent to their property is their private property and that Plaintiff Hill is trespassing when he fishes there.

15. As a result, Plaintiff Hill fears physical violence, arrest, and claims of trespass if he returns to this fishing spot. This prevents him from fishing there currently.

   **i.  Defendant Joseph Throws Rocks at Plaintiff Hill**

16. In the summer of 2012, the year of Plaintiff Hill's 71st birthday, Plaintiff Hill went fly fishing with a friend, Joseph Szeles.

17. While fishing, Plaintiff Hill was wading near or adjacent to the Warsewa Parcel.

18. From about 50 feet above, a woman yelled that Plaintiff Hill was wading on private property.

19. Plaintiff Hill believes the woman was Defendant Joseph, as she was standing near what he knows to be Defendant Warsewa's house. Defendant Joseph also occupies and owns that home.

20. Plaintiff Hill told the woman that he had a right to be there and tried to ignore the continued yelling.

21.     The woman then started throwing rocks at Plaintiff Hill from above, including rocks the size of baseballs.

22.     Plaintiff Hill was particularly concerned because he was on blood thinning medication in preparation for an upcoming heart procedure and could potentially suffer from excessive bleeding if he were struck by a rock.

23.     To avoid being struck, he fled to the far side of the River where the rocks could not reach him.

24.     Plaintiff Hill continued fishing for a short period of time and then left.

25.     About two weeks later, Plaintiff Hill returned to fish in the same place on the River with a different friend, James R. Curry.

26.     While fishing he heard someone announce "this is your official request to leave."

27.     That person was Defendant Warsewa, who was standing on the bank of the river, about twenty yards upstream from Plaintiff Hill and Mr. Curry.

28.     Plaintiff Hill asked to talk with Defendant Warsewa about the issue. Defendant Warsewa was adamant that Plaintiff Hill had no right to be in the River because he owned the River bed.

29.     Defendant Warsewa told Plaintiff Hill the idea of the state owning the River or the public having any right to be in the River was "insane and crazy."

30.     At that point, Defendant Warsewa walked back to his truck, which was 50 yards from Mr. Curry's car. Plaintiff Hill and Mr. Curry then followed him back to the parking area.

31.     When Plaintiff Hill and Mr. Curry reached Mr. Curry's car, Defendant Warsewa yelled "you're getting a summons."

32.     Defendant Warsewa also left a note under Mr. Curry's windshield wiper. A copy of that note is attached to this Complaint as Exhibit 3.

### ii. Defendant Warsewa Shoots at Plaintiff Hill's Friend, Charles Pugsley, While He is Fishing

33. On or about May 2015, Charles Pugsley (a friend of Plaintiff Hill) and Mr. Pugsley's friend Gary Jordan camped on Bureau of Land Management public land on the north side of the Arkansas River in Fremont County, Colorado.

34. The next morning, Mr. Pugsley and Mr. Jordan set out fishing.

35. They waded into the Arkansas River from the public land where they camped and began wading toward the Warsewa Parcel, fishing as they moved.

36. At about noon, Mr. Jordan was separated from Mr. Pugsley.

37. After that, Mr. Pugsley heard a man on shore yelling "that's private land."

38. The man on shore was Defendant Warsewa.

39. Mr. Pugsley, believing the bed of the Arkansas River in that location to be public, yelled back that the River was not private land.

40. After this exchange, Mr. Pugsley carried on fishing.

41. A little while later that same day, Mr. Pugsley looked up from fishing and saw Defendant Warsewa, approximately 200 yards away, pointing a handgun at him.

42. Defendant Warsewa then shot at Mr. Pugsley.

43. Thankfully, the shot missed and hit the water near where Mr. Pugsley stood fishing.

44. Defendant Warsewa pointed the gun at Mr. Pugsley again, but the gun appeared to jam.

45. Mr. Pugsley fled downstream to Mr. Jordan.

46. The two left the river to call the County authorities to report the crime.

47. Defendant Warsewa was prosecuted for the shooting in the Fremont County Court.

48. On August 25, 2015, Defendant Warsewa pleaded guilty to menacing pursuant to Colo. Rev. Stat. § 18-3-206 for the incident.

### C. The Arkansas River Was Used, and Was Susceptible to Being Used for Commerce When Colorado Became a State

49. Colorado became a state on August 1, 1876.

50. The bed of all lakes and streams determined to be navigable at the time of statehood became the property of the State in trust for the public.

51. Substantial evidence supports a finding that the Arkansas River at and around Texas Creek—including the bed of the Arkansas adjacent to the Warsewa Parcel—was navigable at the time of statehood because it was regularly used and was susceptible to being used in its ordinary condition at the time of statehood as a highway for commerce, over which trade and travel are or may be conducted.

52. In March 1813, after wintering in an Arapaho village on the upper reaches of the Arkansas River (above Texas Creek), Ezekiel Williams made a canoe, "determined to descend that river." He trapped beaver while floating approximately four hundred miles downstream. At some point along the River, well past Texas Creek, and beyond present-day Pueblo, Colorado, Williams stopped because of low water. Around June 1st, with the "June rise" beginning, the Arkansas River flows were sufficient to allow him to float his canoe laden with beaver pelts.

53. On May 16, 1814, Ezekiel Williams set out with two companions, Braxton Cooper and Morris May, from Boon's Lick, Missouri, to retrieve the furs he cached at the site of the Arapaho village on the upper reaches of the Arkansas River. In July 1814, after meeting the Arapahos on the upper reaches of the Arkansas River (well above Texas Creek), Williams, two companions, and 17 or 18 "Frenchmen" called "Phillebert's Company," set off down the river in their canoes loaded with furs. According to Braxton Cooper, "Sometime in July we left that [unknown word] and set down the Arkansas four or [five] hundred miles where we were compelled to leave our canoes and loading." Their float down the river would have taken them well past Texas Creek.

54. In addition to the canoes that carried William's cargo of commercially valuable furs, river drift boats were constructed that in 1876 could have easily carried furs down the Arkansas River. One such boat, modified Whitehall rowboats, were built by Thomas Bagley, a master boat builder with his shop in Chicago. Bagley built the boats that carried John Wesley Powell's expeditions of 1869, and 1871. The river flows of the Green and Colorado are much rougher and more dangerous than those of the Arkansas River between Browns Canyon and Royal Gorge. Boats of this design could have easily navigated the Arkansas River in its natural condition at the time of statehood.

55. Numerous contemporaneous reports from local newspapers describe the commercial use of the Arkansas River to float logs and railroad ties from the mountains to the plains in 1872, 1873, 1874, 1875, 1876, and 1877. These floats started well above Texas Creek.

56. For example, in 1870, Charles and Robert May guided 60,000 railroad ties down the Arkansas to Pueblo from the headwaters area, well above Texas Creek. They used a boat to follow the ties down river to dislodge them when they became stuck. They traveled downstream for three days until they reached the Royal Gorge.

57. In 1873 some 80,000-100,000 railroad ties were driven down the Arkansas through Texas Creek and past Pueblo for use in the construction of the Arkansas Valley Railroad by the Atchison Topeka and Santa Fe Railroad Company.

58. In 1875, another drive of 50,000 ties floated down the Arkansas past Texas Creek.

59. In 1876, 200,000 ties were cut in Lake County and floated down the Arkansas past Texas Creek to Canon City and beyond, for use in railroad expansions south and east of Pueblo. Lake County encompasses the headwaters of the Arkansas above Texas Creek.

## FIRST CLAIM FOR RELIEF: DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201 OR, IF REMANDED TO STATE COURT, C.R.C.P. 57

### Plaintiff Hill vs. All Defendants

60. Defendants Warsewa and Joseph have repeatedly asserted that the bed of the portion of the Arkansas River that is adjacent to the Warsewa Parcel is part of the Warsewa Parcel, that it is their private property, and that they have a right to exclude persons from it, including Plaintiff.

61. Plaintiff asserts that the disputed portion of the bed of the Arkansas River is public land owned by the state of Colorado and held in trust for the people of Colorado by virtue of it being navigable for title when Colorado became a state. Accordingly, he is not trespassing by wading in that portion of the River.

62. The Arkansas River is navigable for title at this location because, for the reasons detailed *supra*, it was "used or … susceptible of being used in [its] ordinary condition as [a] highway for commerce over which trade and travel are or may be conducted in the customary modes of trade and travel on water" on August 1, 1876, the date Colorado became a state.

63. The bed of the Arkansas River at this location is therefore public land owned by the state of Colorado in trust for the public and Plaintiff is not trespassing by wading on the bed of the River.

64. Plaintiff requests a declaration from the Court that Defendants Warsewa and Joseph have no right to exclude Plaintiff Hill from wading in the Arkansas River at the subject location.

65. Plaintiff further requests injunctive relief barring Defendants Warsewa and Joseph from threatening, assaulting, or battering Plaintiff and enjoining these Defendants from excluding Plaintiff from the River at the subject location.

## **SECOND CLAIM FOR RELIEF: QUIET TITLE PURSUANT TO COLORADO LAW**

**Requesting an Adjudication of the Rights of Plaintiff and all Defendants with Regard to the Subject Real Property**

66.     Ownership over the real property constituting the bed of the Arkansas River adjacent to the Warsewa Parcel is in dispute.

67.     Defendants Warsewa and Joseph are withholding possession of the subject real property from the state of Colorado, and denying Plaintiff access to the subject real property, by claiming the subject real property is part of the Warsewa Parcel and thus that they hold title to the property.

68.     In fact, for the reasons described *supra*, the subject real property is not part of the Warsewa Parcel.

69.     Rather, the state of Colorado holds title to the subject real property in trust for the public by virtue of the Arkansas River being navigable for title at statehood.

70.     The Arkansas River is navigable for title at this location because, for the reasons detailed *supra*, it was "used or … susceptible of being used in [its] ordinary condition as [a] highway for commerce over which trade and travel are or may be conducted in the customary modes of trade and travel on water" on August 1, 1876, the date Colorado became a state.

71.     Plaintiff claims he has a right of public access to the subject real property by virtue of the State's title.

72.     Based on Plaintiff's title search, no other parties have an interest in the subject real property.

73.     Plaintiff therefore requests a complete adjudication of rights of all parties to the subject real property and a decree from the Court that the subject real property is owned exclusively by the state of Colorado in trust for the public.

74. Plaintiff further requests injunctive relief barring Defendants Warsewa and Joseph from threatening, assaulting, or battering Plaintiff, and enjoining these Defendants from excluding Plaintiff from the River at the subject location.

## PLAINTIFF DOES NOT DEMAND A JURY TRIAL

## PRAYER FOR RELIEF

75. Plaintiff respectfully requests an Order from this Court:

   a. Entering judgment for Plaintiff and against all Defendants.

   b. Declaring that Defendants Warsewa and Joseph have no right to exclude Plaintiff Hill from the River at the subject location.

   c. Quieting title and decreeing that title to the disputed real property is held exclusively by the state of Colorado in trust for the public.

   d. Preliminarily enjoining Defendants Warsewa and Joseph from threatening, assaulting or battering Plaintiff, and enjoining these Defendants from excluding Plaintiff from the River at the subject location.

   e. Permanently enjoining Defendants Warsewa and Joseph from threatening, assaulting or battering Plaintiff, and enjoining these Defendants from excluding Plaintiff from the River at the subject location.

   f. Any other relief that the Court deems just and proper.

Respectfully submitted,

By: s/Alexander Hood
Alexander Hood
Attorney for the Plaintiff
1410 High St., Suite 300
Denver, CO 80218
Ph: 802-578-5682
Email: AlexanderHoodLaw@gmail.com

**Certificate of Service**

  I hereby certify that on July 17, 2018 a true and correct copy of the foregoing was served pursuant to Fed. R. Civ. P. 5 on all parties that have appeared.

                   s/Alexander Hood
                   Attorney for Plaintiff