IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01710 (KMT)

ROGER HILL, an individual,                     )
                                               )
                                    Plaintiff  )
vs.                                            )
                                               )
MARK WARSEWA an individual;                    )
LINDA JOSEPH, an individual,                   )
and the State of Colorado                      )
                                    Defendants )

---

**DEFENDANTS WARSEWA'S AND JOSEPH'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PRUDENTIAL STANDING, OR ALTERNATIVELY TO DISMISS THE CLAIMS AGAINST THEM IN THE FIRST AMENDED COMPLAINT FOR LACK OF CONSTITUTIONAL STANDING, LACK OF PRUDENTIAL STANDING, AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

---

Defendants Mark Warsewa and Linda Joseph ("Defendants"), by and through their attorneys Kirk B. Holleyman and Kirk Holleyman, P.C hereby move this Court pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), to dismiss the entire First Amended Complaint on the threshold basis that Plaintiff lacks prudential standing, or alternatively or additionally, to dismiss Plaintiff's First and Second Claims for Relief against said Defendants in the First Amended Complaint, due to lack of constitutional standing, lack of prudential standing, and/or failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Any one of these grounds is sufficient to support dismissal.

1

Conferral with opposing counsel is not required prior to the filing of this Rule 12(b) motion. D.C. Colo.LCivR 7.1(b)(2).

## INTRODUCTION

Plaintiff's two claims against Defendants Warsewa and Joseph attempt to assert the property rights of the State of Colorado under the Equal Footing Doctrine of the United States Constitution as a basis for Plaintiff's claimed property right to wade in and fish the Arkansas River riverbed within the boundaries of the Defendants Warsewa's and Joseph's lot to which they hold record title deriving from a patent from the United States. Accepting but not conceding that all of the material factual allegations on the face of the First Amended Complaint are true for purposes of this motion only, and viewing them in a light most favorable to Plaintiff[1], as a matter of law Plaintiff is not asserting his own constitutional or property rights, but instead is attempting to assert the constitutional property rights of the State of Colorado under navigability for title doctrine, that arises under and is interrelated with the Equal Footing Doctrine of Article IV of the United States Constitution.

Under the authority of the decision of the United States Court of Appeals for the Tenth Circuit in *Wilderness Society v. Kane County Utah,* 632 F.3d 1162

---

[1] "For purposes of ruling on a motion to dismiss for want of standing, ... courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) ); *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007) (stating that, in evaluating a Rule 12(b)(6) motion, a court must " assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff" ).

(10th Cir. 2011), Plaintiff does not have prudential standing to assert this constitutional property right of the State of Colorado.

Additionally, Plaintiff does not have Article III constitutional standing because the allegations of the First Amended Complaint on its face demonstrate that as a matter of law Plaintiff is not alleging an "invasion of a legally protected interest which is concrete and particularized" as is required by *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ("plaintiff must have suffered an "injury in fact" -- an invasion of a legally-protected interest which is (a) concrete and particularized,…).[2] Simply put, the Equal Footing Doctrine under Article IV of the United States Constitution does not afford *individuals* a legally protected property or constitutional right. Plaintiff's First Amended Complaint as a matter of law fails to plead a legally protected interest *held by Plaintiff* on which his claims are based, and for that reason alone Plaintiff lacks constitutional standing. *See Initiative & Referendum Inst. v. Walker,* 450 F.3d 1082, 1093 (10th Cir.2006) (en banc) (noting that the "legally protected interest" requirement retains" independent force and meaning").

However, because Plaintiff lacks prudential standing, this Court may proceed directly to that issue without deciding whether Plaintiff has constitutional standing, just as did the Tenth Circuit Court of Appeals in *Wilderness Society v. Kane County Utah,* 632 F.3d 1162, 1168 (10th Cir. 2011) ("Because TWS lacks

---

[2] Defendants Warsewa and Joseph do not concede that the First Amended Complaint on its face satisfies the other requirements for Article III constitutional standing set forth in *Lujan v. Defenders of Wildlife*, *supra*. However, for purposes of this motion, the failure to satisfy this part of the first of the three prongs of the test is sufficient to establish that Plaintiff does not have Article III constitutional standing.

prudential standing, we proceed directly to that issue without deciding whether TWS has constitutional standing…"). *See also VR Acquisitions, LLC v. Wasatch County,* 853 F.3d 1142, 1146, n.3 (10th Cir. 2017).

The Supreme Court has recognized that a prudential standing question is the type of threshold inquiry a court may make before engaging in a jurisdictional analysis. See *Kowalski v. Tesmer,* 543 U.S. 125, 129, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004) (assuming Article III standing to " address the alternative threshold question whether" attorneys had third-party standing); *see also Tenet v. Doe,* 544 U.S. 1, 6 n.4, 125 S.Ct. 1230, 161 L.Ed.2d 82 (2005) (" [T]he prudential standing doctrine[] represents the sort of threshold question we have recognized may be resolved before addressing jurisdiction." (internal quotation marks omitted)). Indeed *Tenet v. Doe, supra* recognized that threshold issues— in that case the *Totten* rule of dismissal-- could be decided *prior* to jurisdictional issues, in that case sovereign immunity under the Tucker Act. The Supreme Court has recognized that " in cases removed from state court to federal court, as in cases originating in federal court, there is no unyielding jurisdictional hierarchy," *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 578, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999), and a court need not make a difficult determination as to subject matter jurisdiction when another clear threshold defect would warrant " denying audience to a case on the merits." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 431, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007) (internal quotation marks omitted).

Here, in the interest of judicial economy[3], Defendants Warsewa and Joseph urge the Court to proceed to *dismiss the entire case* based on the determination of the threshold issue of lack of prudential standing, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), thereby obviating the need to reach other grounds for dismissal. Additionally, or alternatively, Plaintiff's claims against Defendants Warsewa and Joseph in the First Amended Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), due to lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted resulting from Plaintiff's lack of Article III constitutional standing, lack of prudential standing and/or failure to state a legally cognizable claim.

## ARGUMENT

As grounds for this motion Defendants state as follows:

1. On May 31, 2018, a civil action was commenced by the plaintiff Roger Hill against the two defendants Mark Warsewa and Linda Joseph in the District Court of the Eleventh Judicial District for Fremont County, Colorado, by the filing of a Complaint in Case No. 2018 CV 030069. The Complaint caption stated "Plaintiffs: Roger Hill; Defendants: Mark Warsewa and Linda Joseph; Interested Party: State of Colorado." ("Complaint").  The State of Colorado was not named as a defendant and has not joined the case as a plaintiff. Nevertheless, the face of the Complaint showed that Plaintiff tried to bring the State of Colorado into this case in a manner not authorized by either the Colorado Rules of Civil Procedure

---

[3] The Court may reasonably infer from Plaintiff's references to four other fishing companions in the First Amended Complaint, Paragraphs 16, 25, 33—whom he did not name as co-plaintiffs-- that Plaintiff's attorneys may be envisioning a series of similar cases, based on this same legal theory.

or the Federal Rules of Civil Procedure, by calling it an "Interested Party," which is not a party at all[4]. This case was removed to this Court pursuant to 28 U.S.C. Section 1331 and 1441 and 1446 on July 6, 2018, at which time Defendant's Motion to Dismiss Plaintiff's Claims for Lack of Prudential Standing was filed. On July 12, 2018, Plaintiff filed the First Amended Complaint, which named the State of Colorado as a nominal defendant, but otherwise appears to be identical to the original Complaint in all material respects. The First Amended Complaint was subsequently stricken due to failure to comply with D.C. Colo.LCivR 15.1(a), and was then refiled and served with the required notice on July 17, 2018.

2. The alleged property rights which the Plaintiff seeks to vindicate against the Defendants Warsewa and Joseph in its First Claim for Relief entitled "Declaratory Judgment Pursuant to 28 U.S.C. Section 2201 Or, If Remanded to State Court C.R.C.P. 57 Plaintiff Hill vs. All Defendants" are based on Plaintiff's assertion that the State of Colorado owns the bed of the Arkansas River within the boundaries of the Defendants' deeded lot, under the doctrine of "navigability for title." (First Amended Complaint, paragraphs 61-65).

3. Whether the Arkansas River at the location where it crosses Defendants' property is "navigable for title" of necessity raises a question under the United States Constitution and the Equal Footing Doctrine and therefore is a question of federal law, pursuant to 28 U.S.C. Section 1331. *PPL Montana, LLC*

---

[4] A computer search for the term "Interested Party" shows the term appears only once in the entirety of the Federal Rules of Civil Procedure: in Rule F8 of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The same term appears in only one of the Colorado Rules of Civil Procedure (Rule 121, Section 1-23 regarding bonds).

*v. Montana,* 565 U.S. 576, 590-591, 132 S.Ct. 1215, 1227, 182 L.Ed.2d 77, 91-92, 80 U.S.L.W. 4177 (2012) ("The rule for state riverbed title assumed federal constitutional significance under the equal-footing doctrine [citations deleted] … These precedents are the basis for the equal-footing doctrine, under which a State's title to these lands was "conferred not by Congress but by the Constitution itself." *Oregon ex rel. State Land Bd. v. Corvallis Sand & Gravel Co.*, 429 U.S. 363, 374, 97 S.Ct. 582, 50 L.Ed.2d 550 (1977). It follows that any ensuing questions of navigability for determining state riverbed title are governed by federal law. See, *e.g., United States v. Utah*, 283 U.S. 64, 75, 51 S.Ct. 438, 75 L.Ed. 844 (1931); *United States v. Oregon*, 295 U.S. 1, 14, 55 S.Ct. 610, 79 L.Ed. 1267 (1935).")

4. Because Plaintiff's First Amended Complaint of necessity involves construction of federal law under the doctrine of "navigability for title" and the Equal Footing Doctrine of the United States Constitution, it falls within the scope of 28 U.S.C. Section 1331. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). (Regardless of the allegations of a state law claim, " where the vindication of a right under state law necessarily turn[s] on some construction of federal law," the claim arises under federal law and thus supports federal question jurisdiction under 28 U.S.C. § 1331.) The declaratory judgment sought by Plaintiff in his First Amended Complaint that the State of Colorado owns the portions of the Arkansas River bed at issue, necessarily turns on construction of federal law. In order to resolve

the question of riverbed ownership, the question of whether the relevant portions of the riverbed were navigable at the time of statehood must first be decided.

5. Plaintiff's Second Claim For Relief is entitled "QUIET TITLE PURSUANT TO COLORADO LAW Requesting an Adjudication of the Rights of Plaintiff, Defendants, and the State of Colorado with Regard to the Subject Real Property." This claim also is predicated upon the success of Plaintiff's argument that the Arkansas River is "navigable for title" where it crosses Defendants' deeded lot. (Complaint, Paragraph 69 ("Rather, the state of Colorado holds title to the subject real property in trust for the public by virtue of the Arkansas River being navigable for title at statehood. "))

6. Plaintiff's claims for injunctive and declaratory relief against Defendants Warsewa and Joseph under the First Claim for Relief, and to quiet title in the name of the State of Colorado to the Arkansas River bed within the confines of the lot owned by Defendants Warsewa and Joseph, and for injunctive relief against Defendants Warsewa and Joseph under the Second Claim for Relief, all are based on Plaintiff's assertion—which of necessity is based on the Equal Footing Doctrine under Article IV of the United States Constitution--that the State of Colorado owns the riverbed because the Arkansas River at that location allegedly is navigable for title.

7. The "navigability for title" doctrine is inextricably intertwined with the Equal Footing Doctrine for the purpose of land title determinations. *See PPL Mont., LLC v. Montana*, 565 U.S. 576, 592, 132 S.Ct. 1215, 182 L.Ed.2d 77 (2012) ("For state title under the equal-footing doctrine, navigability is determined

at the time of statehood...”). The Equal Footing Doctrine guarantees to ***states*** the fundamental attributes of state sovereignty and that all ***states*** are entitled to the same level of sovereignty as is held by the original thirteen states and is clearly a constitutional right of a ***state***. *Summa Corp. v. California,* 466 U.S. 198, 205, 104 S.Ct. 1751, 1755-1756, 80 L.Ed.2d 237 (1984). (“The Federal Government, of course, cannot dispose of a right possessed by the ***State*** under the equal-footing doctrine of the United States Constitution. *Pollard's Lessee v. Hagan,* 3 How. 212 (1845)”) [Emphasis added]. It arises under the New States Clause of Article IV of the United States Constitution, that “[n]ew States may be admitted by the Congress into this Union." *See* U.S. Const. Art. IV, § 3, cl. 1.  Pursuant to the Equal Footing Doctrine, a newly admitted ***state*** comes “…into the union on an equal footing with the rest." *See Pollard v. Hagan*, 44 U.S. 212, 216, 11 L.Ed. 565 (1845).

8. As stated by the United States Supreme Court in *PPL Mont., LLC v. Montana*, 565 U.S. 576, 591, 132 S.Ct. 1215, 1227-1228, 182 L.Ed.2d 77, 92 (2012):

> The title consequences of the equal-footing doctrine can be stated in summary form: Upon statehood, the ***State*** gains title within its borders to the beds of waters then navigable (or tidally influenced, see *Phillips Petroleum Co. v. Mississippi*, 484 U.S. 469, 108 S.Ct. 791, 98 L.Ed.2d 877 (1988), although that is not relevant in this case). It may allocate and govern those lands according to state law subject only to " the paramount power of the United States to control such waters for purposes of navigation in interstate and foreign commerce." *Oregon*, *supra,* at 14, 55 S.Ct. 610, 79 L.Ed. 1267; see *Montana v. United States*, 450 U.S. 544, 551, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981); *United States v. Holt State Bank*, 270 U.S. 49, 54, 46 S.Ct. 197, 70 L.Ed. 465 (1926). ***The United States retains any title vested in it before statehood to any land beneath waters not then navigable (and not tidally influenced), to be transferred or licensed if and as it chooses.*** See *Utah*, *supra,* at 75, 51

9

S.Ct. 438, 75 L.Ed. 844; *Oregon*, *supra,* at 14, 55 S.Ct. 610, 79 L.Ed. 1267. [Emphasis added].

9. The interests protected by the Equal Footing Doctrine, are those of states *qua* states. *City of Roseville v. Norton,* 219 F.Supp.2d 130, 146 (D.D.C. 2002). Plaintiff Hill personally has no constitutional rights under the Equal Footing Doctrine. The fishing and wading property rights that Plaintiff Hill seeks to achieve are not within the zone of interest protected by the Equal Footing Doctrine. Plaintiff Hill is attempting to raise "abstract questions of wide public significance" amounting to "generalized grievances," the consideration of which the United States Supreme Court has disapproved. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.,* 454 U.S. 464, 475, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (quoting *Warth,* 422 U.S. at 499-500, 95 S.Ct. 2197).

10. Under the authority of *Wilderness Society v. Kane County Utah,* 632 F.3d 1162 (10th Cir. 2011), Plaintiff Hill is a third party who does not have prudential standing to assert the constitutional property rights of the State of Colorado under the Equal Footing Doctrine. In that case, the United States Court of Appeals for the Tenth Circuit held that "The general prohibition against third-party standing applies to a Supremacy Clause challenge where TWS seeks to vindicate the property rights of the federal government, and no countervailing factors exist here which might permit standing." *Id. at 1165.* The same reasoning applies here where Plaintiff Hill attempts to vindicate the constitutional property rights of the State of Colorado under the Equal Footing Doctrine.

11. As stated by the United States Court of Appeals for the Tenth Circuit, *id.* at 1168-1169:

> The Supreme Court's " standing jurisprudence contains two strands: Article III standing, which enforces the Constitution's case-or-controversy requirement ... and prudential standing which embodies ' judicially self-imposed limits on the exercise of federal jurisdiction.' " *Newdow,* 542 U.S. at 11, 124 S.Ct. 2301 (quoting *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)). To have Article III standing, " [t]he plaintiff must show that the conduct of which he complains has caused him to suffer an ' injury in fact' that a favorable judgment will redress." *Id.* at 12, 124 S.Ct. 2301. ***The prudential standing doctrine encompasses various limitations, including "the general prohibition on a litigant's raising another person's legal rights." Allen, 468 U.S. at 751, 104 S.Ct. 3315. "[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."*** *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). "Without such limitations-closely related to [Article] III concerns but essentially matters of judicial self-governance-the courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights." *Id.* at 500, 95 S.Ct. 2197.
> The question of prudential standing is often resolved by the nature and source of the claim. *Id.* "Essentially***, the standing question in such cases is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." Id.*** [Emphasis added].

12. As noted by the United States Court of Appeals for the Tenth Circuit, *id.* at 1170, the prudential standing doctrine applies "unless it is expressly negated." *Bennett v. Spear,* 520 U.S. 154, 163, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997).

13. The United States Court of Appeals for the Tenth Circuit ruled that the Wilderness Society lacked prudential standing, *id.* at 1170-1172, after noting that

"TWS rests its claims on the federal government's property rights. TWS does not assert a valid right to relief of its own. No provision-constitutional or statutory-expressly grants TWS a right to relief." Here, the result should be the same, as Plaintiff rests his claims on the State of Colorado's constitutional property rights and does not assert a valid right to relief on his own, and no constitutional provision or statute grants Plaintiff Hill a right to relief.

14. Plaintiff originally named the State of Colorado an "Interested Party", which is not a party at all as the Federal Rules of Civil Procedure and Colorado Rules of Civil Procedure do not recognize the term "Interested Party" as denominating a party to civil litigation. *See Fed.R.Civ.P.* Part IV, entitled "Parties" and *Fed.R.Civ.P.* 17 entitled "Plaintiff and Defendant; Capacity; Public Officers ". *See also Colo.R.Civ.P.,* Chapter 3 entitled "Parties" and *Colo.R.Civ.P.* 17 entitled "Parties Plaintiff and Defendant; Capacity." The State of Colorado was not a party to this case as a result.

15. Plaintiff has now filed the First Amended Complaint naming the State of Colorado as a nominal defendant. Plaintiff's Complaint does not seek to hold the State of Colorado liable, has not prayed for entry of a specific judgment against the State of Colorado, and has not specifically targeted the State of Colorado. Instead, Plaintiff has alleged only that the State of Colorado is a stakeholder holding title to the Arkansas riverbed "in trust for the public." (Complaint, Paragraphs 2, 6, 13, 50, 61, 63, 69, 73, 75(c)).  A "nominal party" is one "with no real interest in the controversy." *Hann v. City of Clinton, Oklahoma,* 131 F.2d 978, 981 (10th Cir. 1942). *Cf. Brazelle v. Waite,* No. 12-4047 (10th Cir. 2013) (Utah resident trustee named as a defendant by Utah resident plaintiff in

case removed to federal court under diversity jurisdiction by non-resident defendant was "a nominal party" where claim "in fact seeks no relief specifically against" him and "do not specifically target" him; was "merely a stakeholder…[and] … was properly disregarded as a 'nominal' party;" and therefore trustee's joinder as a defendant did not destroy diversity.)

16. The state has not ratified or joined in the Plaintiff's claims, and making the state a nominal defendant does not cloak the Plaintiff with the prudential standing to pursue the constitutional property rights of the State of Colorado. Only the state can make the claims asserted by Plaintiff, and it has not done so.[5]

17. Moreover, the Plaintiff has not alleged in its First Amended Complaint that there is any obstacle that prevents the State of Colorado from pursuing a claim of navigability for title of the Arkansas River at this location under the Equal Footing Doctrine, should the state wish to do so.

18. Additionally, dismissal for lack of prudential standing is supported by *City of Roseville v. Norton,* 219 F.Supp.2d 130, 144 (D.D.C. 2002). There, it was held that non-state plaintiffs lacked third party standing under the prudential standing doctrine to assert claims under the Equal Footing Doctrine. ("…plaintiffs lack prudential standing to bring claims under the Enclaves Clause, the Statehood Clause, the Tenth Amendment and the Equal Footing Doctrine

---

[5] Defendants Warsewa and Joseph do not concede that the claims would have any merit even if they were advanced by a party with prudential or Article III constitutional standing, but the merits of the claims are an issue this Court need not and should not reach for purposes of resolving this motion. *See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 97 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (rejecting the notion that federal courts may assume jurisdiction for the purpose of deciding the merits of a case and stating at note 2 "a merits question cannot be given priority over an Article III question.").

because their claims assert interests of the State of California, not those of plaintiffs, where there is no impediment to the State's ability to protect its own interests.")

19. Furthermore, Plaintiff does not have Article III constitutional standing because he is not afforded a legally cognizable property right or legally protected interest under the Equal Footing Doctrine of Article IV of the United States Constitution, which confers such rights only on the states *qua* states. In essence, Plaintiff is attempting to instigate a case or controversy between himself as a proxy for the state, and Defendants Warsewa and Joseph, based not upon the rights of Plaintiff, but instead upon the constitutional property rights of the state. The existence of a " legally protected interest" is part of the required " injury in fact," for Article III constitutional standing, which the United States Court of Appeals for the Tenth Circuit has described as " particularly important." *Initiative & Referendum Inst. v. Walker,* 450 F.3d 1082, 1087 (10th Cir.2006) (en banc); *accord McConnell v. Federal Election Commission,* 540 U.S. 93, 227, 124 S.Ct. 619, 157 L.Ed.2d 491 (2003) (although the plaintiffs had an interest in competing electorally with equal resources, that interest is not " legally protected" and thus they had no standing). Plaintiff alleges no law giving him a legally protected interest to wade or fish the Arkansas riverbed within the deeded boundaries of these defendants' property. This case is not brought under the Administrative Procedure Act, is not a challenge of an agency action, and is not based upon any statutes creating judicially enforceable rights of an aesthetic or environmental nature, or any procedural rights.  Rather, Plaintiff with no legal basis, is seeking

to instigate a dispute between Defendants Warsewa and Joseph on the one hand, and the State of Colorado on the other hand.

20. In addition to lacking prudential standing and constitutional standing, the First Amended Complaint fails to state a claim upon which relief can be granted. There is no statute that provides an express or implied cause of action for private persons to enforce the Equal Footing Doctrine or the doctrine of navigability for title. The United States Supreme Court has stated " [i]n the absence of congressional intent the Judiciary's recognition of an implied private right of action ' necessarily extends its authority to embrace a dispute Congress has not assigned it to resolve.' " *Stoneridge Investment Partners, LLC v. Scientific-Atlanta,* 552 U.S. 148, 128 S.Ct. 761, 772 (2008) (citation omitted). The same would be true if the Equal Footing Doctrine were employed as a cause of action as Plaintiff implicitly seeks to do here.

21. Moreover, Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff has not alleged that he personally owns any interest in the Arkansas riverbed. It is axiomatic that "…in all actions to recover possession of land or an interest therein one must prevail upon the strength of his own title and not on the weakness of his adversary's title." *Kanab Uranium Corporation v. Consolidated Uranium Mines*, 227 F.2d 434, 436 n. 2 (10th Cir. 1955). "A plaintiff, in an action to quiet title to lands, must rely on the strength of his own title thereto; and when it affirmatively appears that such plaintiff's rights have terminated, he is in no position to question the legality of the title claimed by others." *Sch. Dist. No. Six v. Russell*, 156 Colo. 75, 396 P.2d 929, 932 (1964).

Here Plaintiff has not made any claim to own any interest in the Arkansas riverbed and therefore has not stated a claim to quiet title upon which relief can be granted.

22. There may be other reasons that Plaintiff lacks standing, and the Court should require Plaintiff to prove he has standing to proceed before allowing this case to go forward. For federal courts to have jurisdiction over an action, "the party bringing the suit must establish standing." *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 11, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004); *see also Utah Animal Rights Coal. v. Salt Lake County,* 566 F.3d 1236, 1240 (10th Cir.2009).

Wherefore, Defendants Warsewa and Joseph move this Court to dismiss *the entire* First Amended Complaint for lack of prudential standing as a threshold matter pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), without reaching other grounds for dismissal. Alternatively, or additionally Defendants Warsewa and Joseph move this Court to dismiss Plaintiff's First and Second Claims for Relief of the First Amended Complaint against said Defendants pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for lack of prudential standing, lack of constitutional standing, and/or failure to state a claim upon which relief can be granted. Any one of these grounds is sufficient to support dismissal.

Dated: July 26, 2018.

KIRK HOLLEYMAN, P.C.

*/s/ Kirk B. Holleyman*___
Kirk B. Holleyman, #8325
730 17th Street, Suite 340
Denver, Colorado 80202
Telephone: (303) 436-1699
kirkholleyman@aol.com
ATTORNEY FOR DEFENDANTS
MARK WARSEWA and LINDA JOSEPH

### CERTIFICATE OF SERVICE

I hereby certify that on this 26 day of July, 2018, I caused a copy of the foregoing to be served via CM/ECF pursuant to Fed.R.Civ.P. 5 on all counsel who have entered their appearance in this case.

   */s/ Kirk B. Holleyman*
_____