## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-1710 – KMT

ROGER HILL,

     *Plaintiff,*

v.

MARK EVERETT WARSEWA and
LINDA JOSEPH, and
THE STATE OF COLORADO,

     *Defendants.*

---

## STATE OF COLORADO'S MOTION TO
## STAY DISCOVERY AND CASE MANAGEMENT DEADLINES PENDING
## DETERMINATION OF DISPOSITIVE MOTIONS

---

The State of Colorado, through Attorney General Cynthia H. Coffman,

submits this Motion to Stay under Fed. R. Civ. P. 26(a).


## BACKGROUND

1.    Through this case, Plaintiff—an individual fisherman—seeks to use a

private dispute over fishing access on a single stretch of the Arkansas River to

disrupt property rights that have been settled for over a century. Specifically,

Plaintiff seeks to declare that the bed of the Arkansas River has always been

"owned by the state of Colorado," although private parties have held title to the

certain portions of the bed of the river since Colorado became a State in 1876. *E.g.,*

ECF No. 13, First Amended Compl. ¶¶ 60, 67, 70 (filed July 17, 2018). There is no precedent for a lawsuit of this kind in the State of Colorado.

2.     This is the third iteration of the claims contained in the First Amended Complaint.  The same allegations and requests for relief were included in a separate, now-dismissed lawsuit filed by Plaintiff on February 2, 2018. *Hill v. Warsewa and Joseph,* No.18-cv-00277-PAB-KLM, D. Colo., ECF No. 1, Complaint (filed February 2, 2018).  Plaintiff voluntarily dismissed that suit. *Id.* at ECF No. 23, Notice of Voluntary Dismissal of Case by Plaintiff Roger Hill (filed May 29, 2018). It did so because the State of Colorado—who was not named in the February 2 complaint—filed motions to intervene and to dismiss. *Id.* at ECF Nos. 17 and 17-1 respectively, Motion to Intervene with Attached Motion to Dismiss by Intervenor State of Colorado (filed May 7,2018).

3.     Shortly after dismissing the federal court case, Plaintiff initiated this action in state district court. ECF No. 4, Complaint against Linda Joseph, Mark Everett Warsewa (filed July 6, 2018). The State of Colorado was named not as a defendant but as an "interested party." *Id.*

4.     Defendants Warsewa and Joseph then removed the case to this Court and moved to dismiss the complaint for lack of prudential standing. ECF No. 1, Notice of Removal (filed July 6, 2018); ECF No. 2, Motion to Dismiss for Lack of

Prudential Standing Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) (filed July 6, 2018).

5.      Plaintiff filed the First Amended Complaint on July 17, 2017.  ECF No. 8, Amended Complaint against Linda Joseph, State of Colorado, Mark Everett Warsewa (filed July 12, 2018). The First Amended Complaint for the first time named the State of Colorado as a party defendant.

6.      A scheduling conference has been set by the Court for September 4, 2018. ECF No. 20, Order Setting Scheduling Conference (filed July 17, 2018).

7.      Defendants Warsewa and Joseph have now moved to dismiss the First Amended Complaint. ECF No. 21, Motion to Dismiss the First Amended Complaint (filed July 26 2018).

8.      The State plans to file its own motion to dismiss to the First Amended Complaint by August 7, 2018.

9.      For the reasons set forth below, the State moves to stay discovery and case management deadlines in this case to allow the Court to decide those motions to dismiss.

## STATEMENT OF CONFERRAL

10.      In compliance with D.C.Colo.L.Civ.R. 7.1, counsel for the State conferred with counsel for Plaintiff by email but was unable to reach an agreement with counsel regarding this motion. Counsel for the State conferred with counsel for

Defendants Warsewa and Joseph by telephone.  Counsel indicated that Defendants

Warsewa and Joseph do not oppose this motion.

### REASONS TO GRANT A STAY

11.    While the Federal Rules of Civil Procedure do not explicitly provide for

a stay of proceedings, authority to impose a stay is authorized by Fed. R. Civ. P.

26(a). *Accusystems, LLC v. BCB Bancorp*, No. 15-cv-00562-RM-KMT, 2015 WL

3609130, at *2-3 (D. Colo. June 8, 2015) (Tafoya, Mag. J.) (citing *Landis v. N. Am.*

*Co.*, 299 U.S. 248, 254-5 (1936)).

12.    Fed. R. Civ. P. 26(a) provides that "[a] party or any person from whom

discovery is sought may move for a protective order in the court where the action is

pending . . . . The court may, for good cause, issue an order to protect a party or

person from annoyance, embarrassment, oppression, or undue burden or expense."

13.    The Court thus has an inherent power to control the disposition of the

cases on its docket, including by staying those proceedings. *Accusystems, LLC*, 2015

WL 3609130, at *3 (citation omitted).

14.    When considering whether to grant a stay, the court may consider: "(1)

the plaintiff's interests in proceeding expeditiously with the civil action and the

potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the

convenience to the court; (4) the interests of persons not parties to the civil

litigation; and (5) the public interest." *Accusystems, LLC*, 2015 WL 3609130, at *3–4

4

(citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unpublished)).

15.     A stay of discovery is often appropriate when "resolution of a preliminary motion may dispose of the entire action." *Id.* (citing *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003)). That is the case here. There are several critical threshold questions that must be decided before this case may be allowed to proceed, including questions of standing and sovereign immunity. Determining the motions to dismiss may dispose of the entire action.

16.     Defendants Warsewa and Joseph's motion to dismiss argues that the entire First Amended Complaint must be dismissed because Plaintiff lacks both constitutional and prudential standing.  The State's motion will include similar arguments and will further explain why this case must be dismissed under principles of sovereign immunity.

17.     Other considerations weigh in favor of staying discovery until the Court determines the motions to dismiss.  First, a stay will avoid considerable burden to the State of Colorado by delaying costly, time-consuming, and likely unnecessary discovery and case-management proceedings until the Court determines whether the unprecedented claims in this case may go forward.  Second, avoiding such unnecessary litigation expense on behalf of the State is in the public's interest.  Third, a stay will avoid inconveniencing the Court with unnecessary

discovery and scheduling matters while significant threshold questions—including jurisdictional questions—are decided.

For the reasons stated above, the State of Colorado requests that the Court stay discovery and case-management deadlines until resolution of the motions to dismiss.

Respectfully submitted on this 27th day of July, 2018.

CYNTHIA H. COFFMAN
Attorney General

*/s/ Scott Steinbrecher*

FREDERICK R. YARGER*
Solicitor General

SCOTT STEINBRECHER*
Senior Assistant Attorney General

Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, Colorado 80203

Telephone: (720) 508-6000

E-mail:
 fred.yarger@coag.gov
 scott.steinbrecher@coag.gov

***Counsel of Record for Defendant State of Colorado***

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2018, a copy of the foregoing **state of Colorado's Motion to Stay Discovery and Case Management Deadlines Pending Determination of Dispositive Motions** was served by electronic means on all counsel of record by the Court's CM/ECF system.


*/s/ Nan Edwards*
Nan Edwards

7