IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 18-cv-01710-KMT

ROGER HILL,

    Plaintiff,

v.

MARK EVERETT WARSEWA,
LINDA JOSEPH, and
THE STATE OF COLORADO

    Defendants.

**MOTION FOR REMAND TO COLORADO STATE COURT PURSUANT TO 28 U.S.C. 1447(c) BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION**

**CERTIFICATE OF COMPLIANCE WITH D.COLO.LCIVR 7.1A**

The undersigned counsel for Plaintiff conferred with Defendants' counsel prior to filing this motion. All Defendants oppose this motion.

**I. INTRODUCTION**

Plaintiff is a fly fisherman who simply wants to fish the Arkansas River at his favorite fishing spot, just upstream from the River's confluence with Texas Creek. But the Individual Defendants, Warsewa and Joseph, are preventing him from fishing by force and threats of force. They have thrown rocks at Plaintiff, threatened to pursue criminal trespass charges, and shot at Plaintiff Hill's friend. *See* ECF Docs. 13 at ¶¶ 13-48 (allegations regarding the same), 13-3 (note from Defendant Warsewa to Plaintiff stating, "YOU CAN AND WILL BE CHARGED WITH TRESPASSING!"). Plaintiff asserts that he has a right to fish at the subject location by virtue of the federal doctrine of navigability for title, while the Individual Defendants claim they own the disputed portion of the riverbed and therefore have a right to exclude Plaintiff. *See id.*

1

Through various procedural moves by the State and Individual Defendants, this controversy started in federal court, was refiled in state court, and is now removed back to federal court. *See infra* at 2-3 (describing this dispute's history). The removal, however, should not stand. The state of Colorado's assertion of Eleventh Amendment sovereign immunity in its recently filed motion to dismiss robbed this Court of its subject matter jurisdiction to hear the case and triggered this Court's statutory obligation to remand the case to the state court where it was originally filed. *See* 28 U.S.C.§ 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." (emphasis added)). Here, Plaintiff requests that remand.

## II. PROCEDURAL HISTORY

Plaintiff initially filed this private fishing dispute in this Court, naming only Warsewa and Joseph as Defendants. *See Hill v. Warsewa*, 18-cv-00277-PAB-KLM, ECF Doc. 1 (D. Colo). The individual Defendants defaulted. *See id.* at ECF Doc. 15. However, the State of Colorado—until then a non-party—moved to intervene, claimed it was a necessary and indispensable party pursuant to Rule 19, and asked the Court to dismiss based on Eleventh Amendment sovereign immunity. *See id.* at ECF Docs. 17, 17-1. Caring little what forum this dispute is litigated in and simply wanting to reach the merits of the dispute as efficiently as possible, Plaintiff dismissed the federal case pursuant to Rule 41 and refiled substantially the same case in Colorado state court. *See Hill v. Warsewa,* 2018CV030069 (Colo. Dist. Ct.). As the State had asserted it was a necessary party, but had not indicated which side, if any, it intended to take, Plaintiff named the State as an "Interested Party" in the state court caption and served the State as well as the Individual Defendants with the state court complaint.[1]

---

[1] Much has been made about the Plaintiff labeling the State as an interested party rather than a Defendant. But the State also did not label itself as a Plaintiff or Defendant when it intervened in the first Federal Court action. *See Hill*

2

After defaulting in the original action filed in federal court, the Individual Defendants appeared in the subsequently filed state action, removed the case to this Court on the basis of federal question jurisdiction, and moved to dismiss. *See* ECF Doc. 1. Despite its eagerness to appear in the prior litigation, the State expressed an unwillingness to appear in this litigation unless it was named as a Defendant. So, Plaintiff amended, filing substantially the same Complaint for the third time, but this time added the State as a named Defendant. *See* ECF Doc. 13 (amended complaint)

The State and the Individual Defendants filed motions to dismiss the amended complaint raising a myriad of defenses. *See* ECF Docs. 21 and 27.

### III. THIS CASE MUST BE REMANDED TO STATE COURT PURSUANT TO THE REMOVAL STATUTE

Buried in the State's motion to dismiss is an assertion of Eleventh Amendment immunity. *See* ECF Doc. 27 at 9-11. This immediately robbed this Court of subject matter jurisdiction. *See Fent v. Okla. Water Res. Bd.,* 235 F.3d 553, 559 (10th Cir. 2000) ("[O]nce effectively asserted, such immunity constitutes a bar to the exercise of federal subject matter jurisdiction.").

Plaintiff does not contest this assertion of Eleventh Amendment sovereign immunity, but he does contest that it requires this Court to dismiss the action. A lack of subject matter jurisdiction is grounds for dismissal in a case originally filed in federal Court. *See* Rule 12(b)(1). However, when, as here, a case was originally filed in state court, was subsequently removed to federal court under the removal statute, and the federal Court later finds a lack of jurisdiction, the case ***must*** be remanded back to state court. *See* 28 U.S.C.§ 1447(c).

---

*v. Warsewa*, 18-cv-00277-PAB-KLM, ECF Doc. 17-1 (D. Colo), (calling itself an "Intervenor"). Labeled as an interested party—which is clearly permitted in the State Court filing system—the State was left to appear on whichever side of the "V" it chose.

Plaintiff did not request remand until now because this immunity is waivable and a federal court maintains jurisdiction until a state asserts the immunity. *See Wisconsin Dept. of Corrections v. Schacht*, 524 US 381, 389 (1998) ("The Eleventh Amendment, however, does not automatically destroy original jurisdiction. Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so."). Thus, this Court had jurisdiction[3] until the State first claimed immunity in its motion to dismiss on August 8.

Finally, while state claims revolving around the federal doctrine of navigability for title, like those here, may involve a federal question, that does not mean they are not properly heard in state courts. Indeed, the Supreme Court analyzed that issue at length in *Idaho v. Coeur d'Alene Tribe of Idaho* and found that "[w]hile we can assume there is a special role for Article III courts in the interpretation and application of federal law in other instances as well, we do not for that reason conclude that state courts are a less than adequate forum for resolving federal questions." 521 U.S. 261, 275 (1997). Thus, absent an assertion Eleventh Amendment immunity, this Court may very well have had authority to hear this case as a federal question. But once robbed of jurisdiction by the State's assertion of immunity, a state court has ample power to consider that same federal question. *See id.*

## IV. IF DEFENDANTS' CONSTITUTIONAL STANDING ARGUMENTS WERE TO BE SUCCESFUL, THAT WOULD ALSO RESULT IN REMAND

Both the Individual Defendants and the State make constitutional standing arguments in their motion to dismiss that, if successful, would also rob the Court of jurisdiction and result in

---

[3] This assumes, as the removal notice argues, that the Court had federal question jurisdiction to begin with. Plaintiff asserted federal question jurisdiction in his original federal case for the same reasons the Individual Defendants do in their notice of removal. *See PPl Montana, LLC v. Montana,* 565 U.S. 576, 591 (2012) ("[A]ny … questions of navigability for determining state riverbed title **are governed by federal law.**" (emphasis added.)). However, for the purposes of this motion in this case, Plaintiff takes no position on the issue of whether or not federal question jurisdiction exists over these two state law claims. Of course, if the Court *sua sponte* determines that these state law claims do not raise a federal question, that would also be a basis for remand under 28 U.S.C.§ 1447(c).

4

mandatory remand. *See* ECF Docs. 21 at 6-15, 27 at 6-7. These arguments are destined to failure as they mistakenly assume that Plaintiff is asserting the State's interest rather than his own. In fact, Plaintiff is asserting his individual right of access to the riverbed resulting from the fiduciary nature of the State's title to the land conveyed to the state at statehood under the United States Constitution's equal footing doctrine. In *Illinois Central Railroad v. Illinois*, the Supreme Court found that a state's title in navigable riverbeds

> is a title different in character from that which the state holds in lands intended for sale. It is different from the title which the United States hold in the public lands which are open to pre-emption and sale. ***It is a title held in trust for the people of the state, that they may enjoy the navigation of the waters, carry on commerce over them, and have liberty of fishing therein, freed from the obstruction or interference of private parties.***

146 U.S. 387, 452 (1892) (emphasis added).

But the thornier issue of the nature of the State's title in navigable riverbeds, never-before considered in the context of a Colorado river, should be left to the state court. The State's assertion of Eleventh Amendment immunity is sufficient to remand pursuant to 28 U.S.C.§ 1447(c) on well-trodden grounds.

## V. CONCLUSION

For the forgoing reasons, Plaintiff requests that the Court remand this case to the Colorado state court where it was originally filed.

Respectfully submitted,

By: s/Alexander Hood
Alexander Hood
Attorney for the Plaintiff
1410 High St., Suite 300
Denver, CO 80218
Ph: 802-578-5682
Email: AlexanderHoodLaw@gmail.com

5

**Certificate of Service**

  I hereby certify that on August 10, 2018, I served a true and correct copy of the forgoing on all parties that have appeared pursuant to Fed. R. Civ. P. 5.

                s/Alexander Hood
                Alexander Hood