**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 18-cv-01710-KMT

ROGER HILL,

    Plaintiff,

v.

MARK EVERETT WARSEWA,
LINDA JOSEPH, and
THE STATE OF COLORADO

    Defendants.

**MOTION TO STAY ALL PROCEEDINGS PENDING THE COURT'S DETERMINATION OF WHETHER THIS CASE MUST BE REMANDED TO STATE COURT BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION**

### CERTIFICATE OF COMPLIANCE WITH D.COLO.LCIVR 7.1A

The undersigned counsel for Plaintiff conferred with Defendants' counsel prior to filing this motion. Defendants do not consent to this Motion.

### CERTIFICATE OF COMPLIANCE WITH D.COLO.LCIVR 6.1

This is Plaintiff's first request for a stay, extension, or continuance of any kind.

Immediately after filing, this motion was served on Plaintiff via email.

### MOTION

Plaintiff largely agrees with the sentiments of Defendants' competing motions to stay. *See* ECF Docs. 22 and 24.[1] Plaintiff, like Defendants, believes that "delaying costly, time-

---

[1] Plaintiff also agrees with Defendants' statements of legal authority regarding this Court's power to issue a stay. *See, e.g.,* ECF Doc. 24 at 4 (citing Fed. R. Civ. P. 26(a); *Accusystems, LLC v. BCB Bancorp*, No. 15-cv-00562-RM-KMT, 2015 WL 3609130, at *2-3 (D. Colo. June 8, 2015) (Tafoya, Mag. J.))

1

consuming, and likely unnecessary … proceedings" is in everyone's best interest, including the Court. ECF Doc. 24 at 5.

However, Plaintiff disagrees that Defendants' motions to dismiss contain the threshold issues that should be decided before all others. Instead, because this is a case that was removed from state court pursuant to the removal statute, the threshold issue is whether or not this Court has subject matter jurisdiction.[2] If the Court *does not* have subject matter jurisdiction, this case *must* be remanded to the state court where it was originally filed. *See* 28 U.S.C.§ 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." (emphasis added)). If the Court *does* have subject matter jurisdiction, the Court can proceed to consider the myriad of defenses raised in Defendants' motions to dismiss and then determine whether this case should proceed to discovery or be dismissed on the pleadings.

For the reasons stated in Plaintiff's motion for remand,[3] Plaintiff believes this Court does not have subject matter jurisdiction and that the case must be remanded. *See* ECF Doc. 28. Apparently, Defendants agree, as they make several arguments why this Court does not have subject matter jurisdiction in their motions to dismiss, but ignore the removal statute and mistakenly ask for dismissal rather than remand. *See* ECF Docs. 21 at 1-16[4] (Individual Defendants arguing for dismissal because of a lack of Article III standing) and 27 at 6-7, 9-11

---

[2] In a July 26th email to the State's attorneys, Plaintiff attempted to ascertain whether the State intended to assert Eleventh Amendment immunity and thus whether remand was appropriate. *See* Ex. 1 ("FYI, to the extent CO intends to assert the 11th amendment defense, we are happy to stipulate to remand to state court."). The State never responded. Instead, it filed its August 8 motion to dismiss asking for dismissal on Eleventh Amendment grounds.
[3] Plaintiff did not file the motion to remand until after the State first asserted Eleventh Amendment immunity on August 8 in its motion to dismiss because, as Plaintiff explains in his motion to remand, this Court likely had jurisdiction until the assertion of that immunity defense. The State could have waived by not asserting immunity, left this Court with jurisdiction, and vitiated the need for this motion and the motion for remand. ECF Doc 28 at 4 (explaining timing of motion to remand).
[4] The Individual Defendants, Warsewa and Joseph, blend their jurisdictional Article III standing arguments with their non-jurisdictional prudential standing arguments.

(State arguing for dismissal because of Eleventh Amendment immunity and lack of Article III standing).

Indeed, the Individual Defendants could not be clearer about the importance of first considering jurisdiction:

> The Motion to Dismiss … should be the first issue resolved by this court because if it must dismiss the complaint *for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge.*

ECF Doc. 22 at 2 (emphasis added). And the State is right that "[a] stay of discovery is often appropriate when resolution of a preliminary motion may dispose of the entire action." ECF Doc. 24 at 5.

But the motions to dismiss—mixing jurisdictional and non-jurisdictional arguments and wrongly asking for dismissal rather than remand if jurisdiction does not exist—are simply not the preliminary motions that should be first considered. There is no reason for the parties or the Court to engage with Defendants' non-jurisdictional defenses until the threshold question of whether remand for lack of jurisdiction is appropriate has been answered. *See, e.g.,* ECF Docs. 21 at 1-16 (Individual Defendants arguing for dismissal because of a lack of non-jurisdictional prudential standing) and 27 at 7-9, 11-12, (State arguing for dismissal because of non-jurisdictional prudential standing and a novel theory of state law sovereign immunity); *see also Wilderness Soc. v. Kane Cnty., Utah,* 632 F.3d 1162, 1168 n. 1 (10th Cir.2011) ("prudential standing is not a jurisdictional limitation"). And it is Plaintiff's motion for remand, not Defendants' motions to dismiss, that singularly focuses on whether jurisdiction exists.

As such, Plaintiff respectfully requests that all activity in this case be stayed, including briefing surrounding Defendants' motions to dismiss and the currently set September 4 scheduling conference, pending this Court's consideration of Plaintiff's motion for remand.[5]

Respectfully submitted,

By:   s/Alexander Hood
      Alexander Hood
      Attorney for the Plaintiff
      1410 High St., Suite 300
      Denver, CO 80218
      Ph: 802-578-5682
      Email: AlexanderHoodLaw@gmail.com

---

[5] Plaintiff offered this alternative stay formulation during conferral over Defendants' stay motions. Defendants refused.

4

5

**Certificate of Service**

     I hereby certify that on August 13, 2018, I served a true and correct copy of the forgoing on all parties that have appeared pursuant to Fed. R. Civ. P. 5.

                                                     s/Alexander Hood
                                                     Alexander Hood