**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-1710-KMT

ROGER HILL,

    *Plaintiff*,

v.

MARK EVERETT WARSEWA,
LINDA JOSEPH, and
THE STATE OF COLORADO,

    *Defendants*.

---

**THE STATE OF COLORADO'S RESPONSE**
**TO PLAINTIFF'S MOTION TO REMAND [ECF No. 28]**

---

The defects in this case cannot be remedied through remand. Members of the public lack an independent right of their own to litigate the State's alleged title to land. *See Wilderness Soc'y v. Kane Cty.*, 632 F.3d 1162, 1172 (10th Cir. 2011). Because Plaintiff's alleged right of fishing access is based on the State's perceived title, he lacks authority to litigate his claim, in both federal and state court. *See id.*; *Brotman v. E. Lake Creek Ranch, L.L.P.*, 31 P.3d 886, 895 (Colo. 2001). Rather than prolong decisions on these dispositive issues by remanding this case, this court should dismiss the First Amended Complaint, consistent with the arguments in the pending motions to dismiss.

# ARGUMENT

**I.      Because this case suffers the same defects in any venue, the Court should dismiss rather than remand.**

Contrary to Plaintiff's assertion, the court is not required to remand this case. Courts are free to choose among threshold grounds to dismiss cases—including cases removed from state court. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999) ("It is hardly novel for a federal court to choose among threshold ground for denying audience to a case on the merits."); *Wilderness Soc'y v. Kane Cty.*, 632 F.3d 1162, 1168 (10th Cir. 2011) (en banc) (proceeding directly to prudential standing without considering constitutional standing). For example, a court may dismiss for lack of personal jurisdiction, even after a party seeks remand for lack of subject matter jurisdiction. *Ruhrgas*, 526 U.S. at 580 (upholding the district court's dismissal for lack of personal jurisdiction without addressing removal for lack of subject-matter jurisdiction). "In cases removed from state court to federal court, as in cases originating in federal court, there is no unyielding jurisdictional hierarchy." *Id.* at 578. The Tenth Circuit follows this same reasoning. *See VR Acquisitions, LLC v. Wasatch Cty.*, 853 F.3d 1142, 1146 n.3 (10th Cir. 2017) (finding that courts can decline to address jurisdictional issues and instead dismiss the complaint); *Wilderness Soc'y*, 632 F.3d at 1168.

Plaintiff admits that his alleged "right of access" results from "***the State's title*** to the ***land conveyed to the state*** at statehood." ECF No. 28, p. 5 (filed Aug. 8, 2018) (emphasis added). Thus, his claim for relief rests on the alleged legal rights of the State. Consequently, his claim is defective for a number of threshold reasons, as explained in the State's pending Motion to Dismiss. ECF No. 27.

Chief among those reasons is that binding precedent prohibits Plaintiff, as a member of the public, from asserting the property rights of the government. *See Wilderness Soc'y v. Kane Cty.*, 632 F.3d 1162, 1172 (10th Cir. 2011) (en banc) (holding that the Wilderness Society lacked prudential standing to enforce the federal government's property rights in lands over which a county claimed rights-of-way). Plaintiff lacks any independent property right of his own to form the basis for litigation. *See id*. at 1171. (Upholding dismissal on grounds that "TWS lacks any independent property rights of its own."); *see also VR Acquisitions, LLC v. Wasatch Cnty.*, 853 F.3d 1142, 1146 (10th Cir. 2017) (dismissing a complaint under the third-party doctrine because the property owner lacked prudential standing to challenge a lien assessed against a previous owner). The Tenth Circuit's holding in *Wilderness Soc'y* explains why Plaintiff's arguments have been "never-before considered in the context of a Colorado river" in the past 140 years of statehood. ECF 28 p. 5 (filed Aug. 10, 2018). Under binding precedent, the State alone has authority to determine whether to litigate its putative or alleged property rights. The State has declined to disrupt settled, more than century-old property rights through litigation; it has instead chosen to collaborate with federal agencies and private landowners to create public access on the Arkansas River.

The defects in this case will not disappear if this Court grants Plaintiff's remand motion. State law is clear that Plaintiff lacks authority to litigate the State's perceived title in lands even in state court. *Brotman v. E. Lake Creek Ranch, L.L.P.*, 31 P.3d 886, 895 (Colo. 2001) (concluding that a private ranch "does not have standing as an adjacent landowner, as a taxpayer, or as a beneficiary of the school lands trust" to enjoin transfer of title in lands from the State School Land Board to another private citizen); *Goodrich v. Union Oil Co. of California*, 274 P.

3

935, 938 (Colo. 1928) ("[P]laintiffs must rely on the strength of their own title, and not on the weakness or supposed weakness of their adversaries'."). Members of the public lack authority to litigate the rights of the State. *See Kinscherff*, 586 F.2d 159, 160 (10th Cir. 1978); *see also Mtn. States Legal Found. v. Costle*, 630 F.2d 754, 771 (10th Cir. 1980) (holding that a member of the public lacks standing to raise claims on behalf of the State). In addition, the State's sovereign immunity bars the claims in state court as well as federal court. ECF No. 27, pp. 9–13. The State has never "[b]uried" this issue. ECF No. 28, p. 3. It has asserted its immunity (in addition to other threshold arguments) consistently in an attempt to dispose of a case that clearly suffers fatal defects and cannot proceed in any forum.

Rather than defer a decision on the various threshold defects in this case, this court should dismiss the First Amended Complaint.

## II.     Plaintiff's arguments for remand are internally inconsistent and contradict his previous assertions.

Throughout various iterations of this case, the State has maintained consistently and repeatedly that the claims must be dismissed. *See* ECF No. 17, Mot. to Intervene, No. 18-cv-277-PAB-KLM (filed May 7, 2018); *also* ECF No. 27, Mot. to Dismiss, No. 18-cv-1710-KMT. Collectively, Defendants have filed four different motions to dismiss the claims in this case. *Id.*; ECF No. 2, Mot. to Dismiss (filed July 6, 2018); ECF No. 21, Mot. to Dismiss (filed July 26, 2018). Plaintiff has avoided rulings on two of those motions. ECF No. 23, Notice of Voluntary Dismissal, No. 18-cv-277-PAB-KLM (filed May 29, 2018); ECF No. 15, Order Denying as Moot Mot. to Dismiss (filed July 17, 2018). He now asks the Court to avoid ruling on the remaining two. Instead of perpetuating this pattern, the Court should decide the dispositive threshold questions presented in the pending motions to dismiss.

At each turn in this litigation, Plaintiff has presented a different jurisdictional theory. First, Plaintiff argued this court had jurisdiction under 28 U.S.C. §1331. ECF No. 1, Compl. ¶ 1, No. 18-cv-277-PAB-KLM (filed February 2, 2018). Second, Plaintiff argued the state court had jurisdiction of the claims under Colo. Const., Art. VI, § 9. ECF No. 4, Compl. (filed July 6, 2018). Third, Plaintiff argued once again for this Court's jurisdiction—this time under 28 U.S.C. §§ 1441 *et seq.* ECF No. 13, First Amend. Compl. ¶ 3 (filed July 17, 2018). Fourth, Plaintiff now claims to take no position on whether jurisdiction exists under §1331, while at the same time arguing that the Court is entirely without jurisdiction and must remand. *Compare* ECF No. 28, fn.3 ("Plaintiff takes no position on the issue of …federal question jurisdiction") *with id*. at p. 3 ("This immediately robbed this Court of subject matter jurisdiction."). Rather than allow Plaintiff to continue changing venues and arguments to avoid an adjudication of the clear defects in this case, this court should dismiss the First Amended Complaint.

## CONCLUSION

The First Amended Complaint should be dismissed, rather than remanded, consistent with the arguments in the pending motions to dismiss.

CYNTHIA H. COFFMAN
Attorney General

*/s/ Scott Steinbrecher*

FREDERICK R. YARGER*
Solicitor General

SCOTT STEINBRECHER*
Senior Assistant Attorney General

Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, Colorado 80203

Telephone: (720) 508-6000

E-mail:
 fred.yarger@coag.gov
 scott.steinbrecher@coag.gov

*Counsel of Record for the State of Colorado*

## CERTIFICATE OF SERVICE

I certify that on August 17, 2018, I electronically filed this Response to Plaintiff's Motion to Remand with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following:

>Alexander Neville Hood
>TOWARDS JUSTICE—DENVER
>*Counsel for Plaintiff Roger Hill*
>
>Kirk Holleyman
>KIRK HOLLEYMAN, PC
>*Counsel for Defendants Warsewa and Joseph*

>*/s/ Amy Holston*