IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01710 (KMT)

ROGER HILL, an individual,           )
                                     )
                         Plaintiff   )
vs.                                  )
                                     )
MARK WARSEWA an individual;          )
LINDA JOSEPH, an individual,         )
and the State of Colorado            )
                         Defendants  )

---

**DEFENDANTS WARSEWA'S AND JOSEPH'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND, ECF 28**

---

Defendants Mark Warsewa and Linda Joseph ("Defendants"), by and through their attorneys Kirk B. Holleyman and Kirk Holleyman, P.C. submit this Response to Plaintiff's Motion to Remand, ECF 28 ("Motion to Remand").

## INTRODUCTION

The entire case should be dismissed for lack of prudential standing. That would obviate the need for the Court to determine and *conclude* whether there has been an *effective* assertion of Eleventh Amendment sovereign immunity on *all* of the Plaintiff's claims. Such a conclusion as to *all* of the Plaintiff's claims is necessary in order to remand the *entire case* under *Wisconsin Department of Corrections v. Schacht,* 524 U.S. 381, 391, 118 S.Ct. 2047, 141 L.Ed.2d 364, 66 U.S.L.W. 4531(1998) ("*Schacht*"), as Plaintiff seeks to do with its motion  There is

a substantial dispute as to whether Eleventh Amendment sovereign immunity effectively has been asserted or is applicable to bar federal court litigation as to *all* of the claims, and judicial economy would be served by cutting to the chase and first addressing Plaintiff's lack of prudential standing.

That the Plaintiff lacks prudential standing to pursue this case is beyond peradventure under *Wilderness Society v. Kane County Utah,* 632 F.3d 1162, 1168 (10th Cir. 2011), as well as the other authorities set forth at length by the State of Colorado and these defendants in their respective motions to dismiss, ECF 21 and 27. Moreover, the equities support a dismissal on the basis of prudential standing without the need to reach a determination regarding the effectiveness of the State's assertion of sovereign immunity on all of the claims for relief. To put this issue in perspective if the plaintiff were to be successful in its efforts to prove that the Arkansas River is navigable the result would be that the riverbed would be declared "public land owned by the state of Colorado".  In that event the State could control activities on the river not individual members of the public like the plaintiff.  The State on pages 3 and 4 of its Motion to Dismiss the First Amended Complaint pointed out that through the efforts of the State and its Federal partners public "Gold Medal" fishing is plentiful on 102 miles which is approximately 70% of the land along 152 miles of the river.  Also, that one major purpose of those efforts is to reduce the potential for conflicts like this in a manner consistent with existing policies and laws.  Plaintiff's efforts as one individual are counterproductive to these coordinated efforts of the State and its Federal partners.

However, if this Court decides to first reach the Motion to Remand—notwithstanding the compelling arguments against doing so based on the clear lack of prudential standing by Plaintiff--—under the authority of *Schacht* it should deny the Motion to Remand at least as to the remand of the First Claim for Relief, which seeks relief against the individual Defendants Warsewa and Joseph..

Finally, even if the Court hypothetically were to conclude the assertion of Eleventh Amendment sovereign immunity is effective to bar federal court litigation as to all of the claims—contrary to the position of these two defendants--judicial economy and the ultimate outcome militate against leapfrogging over the threshold issue of Plaintiff's lack of prudential standing plus leapfrogging over the issue of Article III constitutional standing, just to make a conclusion as to sovereign immunity. As the State of Colorado said on page 3 in its response to the Motion to Remand: "The defects in this case will not disappear if this Court grants Plaintiff's remand motion. State law is clear that Plaintiff lacks authority to litigate the State's perceived title in lands even in state court. *Brotman v. E. Lake Creek Ranch, L.L.P.*, 31 P.3d 886, 895 (Colo. 2001)." The Plaintiff appears to be forum shopping. Nothing would be gained and in fact unnecessary time, efforts and costs would be imposed on all parties by granting plaintiff's Motion to Remand.

**I. ASSERTION OF ELEVENTH AMENDMENT SOVEREIGN IMMUNITY BY THE STATE DOES NOT AUTOMATICALLY COMPEL REMAND OF THE CASE TO STATE COURT UNDER 28 U.S.C. SECTION 1447(c)**

A. The United States Supreme Court Has Not Decided If Eleventh Amendment Sovereign Immunity Is A Matter of Subject Matter Jurisdiction

28 U.S.C. Section 1447(c) states in relevant part that "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The United States Supreme Court has not decided whether an assertion of sovereign immunity is a matter of subject matter jurisdiction. *Schacht,* 524 U.S. 381 at 391. ("Even making the assumption that Eleventh Amendment immunity is a matter of subject-matter jurisdiction *a question we have not decided*…)[Emphasis added]. Thus *assertion* of sovereign immunity does not immediately and automatically "rob" the district court of subject matter jurisdiction over the case, to the exclusion of first considering the threshold issue of prudential standing which the Court in its discretion may deem takes priority over a determination of the sovereign immunity issue, as well as determination of Article III constitutional standing

Contrary to Plaintiff's suggestion, *Fent v. Oklahoma State Water Resources Board,* 235 F.3d 553, 559 (10th Cir. 2000) does not stand for the proposition that the State's mere "assertion" of Eleventh Amendment immunity "immediately robbed this Court of subject matter jurisdiction." Instead there first must be an "effective" assertion of sovereign immunity--that is a court "conclusion" that the State has raised a valid sovereign immunity defense. ("…once ***effectively*** asserted such immunity constitutes a bar to the exercise of federal subject matter jurisdiction. Accordingly, *when the district court concluded* that the state defendants had raised a valid Eleventh Amendment defense to the only part of the case not barred by federal sovereign immunity, it necessarily recognized its lack of subject matter jurisdiction over the action.")[Emphasis added].

Here, the mere assertion of sovereign immunity by State does not in and of itself constitute an "*effective"* assertion, much less a "*conclusion*" by this Court, that litigation in federal court of all of the claims against all defendants is barred by Eleventh Amendment sovereign immunity. There is a dispute, at least as to the claims against these defendants in the First Claim for Relief, as to the applicability of Eleventh Amendment sovereign immunity to bar litigation of them in federal court, Therefore, it is in the interests of judicial economy that the Court not expend the judicial resources to reach the sovereign immunity issue and make this "conclusion," when it is clear that Plaintiff does not have prudential standing

B. Determination of Sovereign Immunity Does Not Take Priority Over Determination Of Prudential Standing

The Supreme Court has recognized that " in cases removed from state court to federal court, as in cases originating in federal court, there is no unyielding jurisdictional hierarchy," *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 578, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999), and a court need not make a difficult determination as to subject matter jurisdiction when another clear threshold defect would warrant " denying audience to a case on the merits." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 431, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007) (internal quotation marks omitted).

The Supreme Court has recognized that a prudential standing question is the type of threshold inquiry a court may make before engaging in an analysis regarding sovereign immunity. *Tenet v. Doe,* 544 U.S. 1, 6 n.4, 125 S.Ct. 1230,

5

161 L.Ed.2d 82 (2005) (" [T]he prudential standing doctrine represents the sort of threshold question we have recognized may be resolved before addressing jurisdiction." (internal quotation marks omitted)). Indeed *Tenet v. Doe, supra* recognized that threshold issues—in that case the *Totten* rule of dismissal-- could be decided *prior* to the sovereign immunity issue presented by the Tucker Act.

The Supreme Court has indicated that, even if the Eleventh Amendment assertion of sovereign immunity were jurisdictional,  inquiry under it does not take priority over other inquiries concerning the federal judicial power to adjudicate claims. *See Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 779-80 (2000); *Calderon v. Ashmus,* 523 U.S. 740, 745 n.2 (1998). In *Calderon v. Ashmus* , the Supreme Court granted certiorari on an Eleventh Amendment issue, but decided that it "must first address whether this action for a declaratory judgment is the sort of 'Article III' 'case or controversy' to which federal courts are limited." *Calderon v. Ashmus*, 523 U.S. at 745. The Supreme Court explained this sequence of inquiry by noting that, "[w]hile the Eleventh Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power, and therefore can be raised at any stage of the proceedings, we have recognized that it is not coextensive with the limitations on judicial power in Article III." *Calderon v. Ashmus*, 523 U.S. at 748 n.2 (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997); *Patsy v. Board of Regents of Fla.,* 457 U.S. 496, 515 n.19 (1982)).

There is ample authority from the Tenth Circuit Court of Appeals for addressing the threshold issue of lack of prudential standing before even addressing Article III constitutional standing. *Wilderness Society v. Kane County Utah,* 632 F.3d 1162, 1168 (10th Cir. 2011) ("Because TWS lacks prudential standing, we proceed directly to that issue without deciding whether TWS has constitutional standing…"). See also *VR Acquisitions, LLC v. Wasatch County,* 853 F.3d 1142, 1146, n.3 (10th Cir. 2017). *A fortiori,* threshold prudential standing may be addressed prior to the sovereign immunity issue, which issue takes a back seat to Article III constitutional standing under *Calderon v. Ashmus.*

C. The Case Should Be Dismissed For Lack of Prudential Standing

Under the authority of the decision of the United States Court of Appeals for the Tenth Circuit in *Wilderness Society v. Kane County Utah,* 632 F.3d 1162 (10th Cir. 2011), that is squarely on point, Plaintiff does not have prudential standing to assert this constitutional property right of the State of Colorado. Plaintiff's claim that he somehow has standing as an alleged beneficiary of the state under *Illinois Central Railroad v. Illinois,* 146 U.S. 387, 452 (1892) is misplaced, for that case is merely a statement of Illinois law. *See PPL Montana, LLC v. Montana,* 565 U.S. 576, 603-604 (2012) ("*Illinois Central*, a Supreme Court public trust case, was" 'necessarily a statement of Illinois law'") citing *Idaho v.Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 285, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997). Plaintiff does not cite—because he cannot—any Colorado law supporting his position. For all of the reasons set forth in the Motion to Dismiss filed by Defendants Warsewa and Joseph, which are incorporated herein by

reference as if set forth fully herein, the entire case should be dismissed for lack of prudential standing, without the need to first reach sovereign immunity or other issues. Additionally, the case should be dismissed for the reasons set forth in the State of Colorado's Response to Plaintiff's Motion to Remand.

## II. AT A MINIMUM, THE MOTION TO REMAND SHOULD BE DENIED AS TO THE FIRST CLAIM FOR RELIEF

Plaintiff's has stated at page 8 of its "Response To Motions To Dismiss, ECF Docs. 21 And 27", which is ECF 35, that "Plaintiff…therefore does not concede that the assertion of Eleventh Amendment immunity by the State should doom Plaintiff's claims against the Individual Defendants." Therefore, Plaintiff cannot be heard to say credibly that litigation in the federal court of all of the claims against these two individual defendants are barred by Eleventh Amendment sovereign immunity. As a result, the claims against these defendants are not subject to remand under 28 U.S.C. Section 1447(c) in the face of the law as set forth in *Schacht.*

At a minimum, adjudication in the federal court of Plaintiff's First Claim for Relief is not barred by Eleventh Amendment sovereign immunity, in that it seeks relief only against Defendants Warsewa and Joseph:

> 64. Plaintiff requests a declaration from the Court that Defendants Warsewa and Joseph have no right to exclude Plaintiff Hill from wading in the Arkansas River at the subject location.
>
> 65. Plaintiff further requests injunctive relief barring Defendants Warsewa and Joseph from threatening, assaulting, or battering Plaintiff and enjoining these Defendants from excluding Plaintiff from the River at the subject location

Therefore, the State's assertion of sovereign immunity is ineffective and inapplicable as to at least the First Claim for Relief against these individual defendants, and does not bar adjudication of at least the First Claim for Relief against these individual defendants in federal court. Therefore, as a matter of law, Plaintiff is not entitled to a remand of at least this First Claim for Relief as to these individual defendants. *Schacht,* 524 U.S. 381 at 392-393, ("A State's proper assertion of an Eleventh Amendment bar after removal means that the federal court cannot hear the barred claim. But that circumstance does not destroy removal jurisdiction over the remaining claims in the case before us. A federal court can proceed to hear those other claims, and the District Court did not err in doing so.")

Therefore, Plaintiff cannot be heard to say that the State's assertion of sovereign immunity—without more—robbed this Court of its jurisdiction. However, there is no need for the Court to determine which claims are subject to remand and which are not under *Schacht,* given the Plaintiff's clear lack of prudential standing.

For the foregoing reasons, the entire case should be dismissed for lack of prudential standing without the need for a determination of the Motion to Remand; or if necessary to reach the issues raised by the Motion to Remand, the Motion for Remand should be denied as to at least the First Claim for Relief as against these individual defendants.

Dated: August 28, 2018.

KIRK HOLLEYMAN, P.C.

*/s/ Kirk B. Holleyman*
Kirk B. Holleyman, #8325
730 17th Street, Suite 340
Denver, Colorado 80202
Telephone: (303) 436-1699
kirkholleyman@aol.com
ATTORNEY FOR DEFENDANTS
MARK WARSEWA and LINDA JOSEPH

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2018, I caused a copy of the foregoing to be served via CM/ECF pursuant to Fed.R.Civ.P. 5 on all counsel who have entered their appearance in this case.

   */s/ Kirk B. Holleyman*
_____