**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 18-cv-01710-KMT

ROGER HILL,

    Plaintiff,

v.

MARK EVERETT WARSEWA,
LINDA JOSEPH, and
THE STATE OF COLORADO

    Defendants.

**REPLY TO DEFENDANTS' RESPONSES [ECF DOCS. 34 AND 36] TO PLAINTIFF'S MOTION FOR REMAND, ECF DOC. 28**

## I. INTRODUCTION

Defendants are boxed in. On the one hand, they desperately want to claim Plaintiff lacks subject matter jurisdiction to argue for dismissal under Rule 12(b)(1). On the other hand, they desperately do not want the case remanded under the removal statute for that same lack of subject matter jurisdiction. Apparently when Defendants filed their motions to dismiss they missed the fact that, in this posture—a case filed in state court and removed to federal court—their arguments require remand, not dismissal. Now, in response to Plaintiff requesting that mandatory remand, Defendants ask the Court to ignore its statutory mandate, jump to the merits when it might lack jurisdiction, and ignoring the sovereignty of the states by assuming state court dismissal and dismissing on behalf of the state courts.

Defendants' arguments lack merit. Through all this smoke, one thing is clear: if this Court lacks subject matter jurisdiction over these claims, it *must* remand them to the state court where they were originally filed. 28 U.S.C.§ 1447(c). Plaintiff asks the Court to do just that.

1

## II. ARGUMENT

The remand statute could not be clearer: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C.§ 1447(c) (emphasis added). Both Defendants try to ignore this mandatory language and argue for dismissal despite jurisdictional defects. The State argues that if the Court were to remand the state court would dismiss anyway. And thus, according to the State, this Court should save the state Court the trouble and dismiss the case now. ECF Doc. 34 at 2-4. The Individual Defendants, Warsewa and Joseph, argue that the Court should not look at jurisdictional arguments, skip to the merits, and dismiss on the merits despite potential jurisdictional problems. ECF Doc. 36 at 5-8.

The State's position is shocking considering it comes from the State. Fundamental principles of federalism bar this Court from ignoring its mandate under the removal statute and ruling on behalf of a state court. U.S. Cost. Amend. X. As just one example of this conflict, this Court cannot decide that a lack of federal court standing automatically means a lack of state court standing. Federal court standing is based on Article III of the *United States* Constitution, while state court standing is judicially created and broad. *See Ainscough v. Owens*, 90 P. 3d 851, 855 (Colo. 2004) ("In Colorado, parties to lawsuits benefit from a relatively broad definition of standing."). Thus, even if the Court were to find a lack of standing in *federal* court, there is no reason that that finding should assume the same outcome in *state* court. *But see* ECF Doc. 35 at 9-16 (Plaintiff arguing he does have standing in federal court in response to Defendants' motions to dismiss).

The Individual Defendants' position that the Court should ignore jurisdiction and skip to the merits for dismissal is just wrong on the law. The Court *must* consider jurisdictional issues before any others. *See Bell v. Hood*, 327 U.S. 678, 682 (1946); *Cunningham v. BHP Petroleum*

2

*Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (holding that once a federal court determines that it is without subject matter jurisdiction, it must not proceed to consider any other issue). And the Individual Defendants attempted sleights of hand, arguing that the State's Eleventh Amendment immunity is not jurisdictional and has not been "asserted," fail as a matter of law and common sense. While the Supreme Court has not decided the question of whether an assertion of Eleventh Amendment immunity is jurisdictional, the Tenth Circuit *has*. Compare *Wis. Dep't of Corr. v. Schacht,* 524 U.S. 381, 391 (1998) ("Even making the assumption that Eleventh Amendment immunity is a matter of subject matter jurisdiction -- a question we have not decided….") with *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000) ("[O]nce effectively asserted, such immunity constitutes a bar to the exercise of federal subject matter jurisdiction."). And this Court is bound by the Tenth Circuit. Further, the argument that somehow the State raising the Eleventh Amendment in its motion to dismiss is not "asserting" Eleventh Amendment immunity because the Court has made no findings is simply non-sensical. The whole point of this motion is for the Court to decide whether the State has properly asserted Eleventh Amendment immunity, whether that assertion destroys jurisdiction, and therefore whether this case should be remanded.

Finally, all Defendants continually press the non-jurisdictional argument that Plaintiffs lack third-party standing. First, that issue simply cannot be reached before the jurisdictional issues of Eleventh Amendment immunity and Article III standing. *See Wilderness Soc. v. Kane Cnty., Utah,* 632 F.3d 1162, 1168 n. 1 (10th Cir.2011) ("prudential standing is not a jurisdictional limitation"). But it also should not be reached at all. Let Plaintiff once again be clear: ***he does not assert third-party standing***. *See* ECF Doc. 35 at 16 (arguing same in response to motions to dismiss). He did not plead it and he does not argue for it. This is Defendants'

strawman argument that they have conjured to argue against. Plaintiff asserts standing based on his own harm, not the State's. Defendants make no other prudential standing arguments. Thus, Plaintiff either has Article III standing based on his own individual injury and may proceed in this Court or lacks Article III standing and his claims must be remanded.

Plaintiff therefore urges the Court to ignore Defendants' handwaving and stick to the clear path set out by the law. Plaintiff does not disagree with the Individual Defendants that the remand issue must be considered claim by claim. *See Wis. Dep't of Corr.,* 524 U.S. at 391-92 (remand for lack of subject matter jurisdiction considered claim by claim). Thus, as to each claim, the Court must do the following:

1. Decide whether the Court lacks subject matter jurisdiction because of the State's assertion of Eleventh Amendment immunity *or* because Plaintiff does not have Article III standing. If the Court lacks jurisdiction, the Court *must* remand.
2. If the Court has jurisdiction, the Court may then consider Defendants' merits arguments and decide whether to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff believes these merits arguments must fail and invites proceeding in federal court if this Court has jurisdiction. *See* ECF Doc. 35 (Plaintiff arguing against dismissal on both jurisdictional and merits grounds).

As to the Quiet Title claim, there should be little doubt that the Court lacks subject jurisdiction and must remand. All parties with an interest in disputed real property are indispensable parties to a quiet title action in Colorado. *See* Colo. R. Civ. P. 105; *Bittle v. CAM-COLORADO, LLC*, 318 P. 3d 65 (Colo. App. 2012) (In quiet title claim, "[i]t seems patently obvious that the county is an indispensable party to decide whether it has abandoned the roads in question. Without the county's presence, complete relief cannot be accorded between Plaintiffs

and Defendant."). Plaintiff asserts a servitude encumbering the property because the State holds title in trust for the public by virtue of the doctrine of navigability for title. ECF Doc. 13 ¶¶ 66-74. The claim simply cannot proceed without the State as a party and therefore must be remanded by virtue of the State's assertion of Eleventh Amendment Immunity.

As to the declaratory judgement claim, the State argued ferociously that it is a necessary and indispensable party to the near identical claim in the prior federal action. *See* ECF Doc. 28 at 2-3 (describing case history); *See Hill v. Warsewa*, 18-cv-00277-PAB-KLM, ECF Docs. 17, 17-1 (D. Colo) (State's motions to intervene and to dismiss because it is a necessary and indispensable party). It is the Court's obligation to consider that issue *sua sponte* here. *See Enter. Mgmt. Consultants, Inc. v. United States*, 883 F.2d 890, 892 (10th Cir. 1989) ("[T]his issue is not waivable, and … a reviewing court has "an independent duty to raise it *sua sponte*." (quotations omitted and emphasis in original)). If the State has been mis-joined, *i.e.* it is not a necessary and indispensable party, then Plaintiff is happy to proceed with this claim in Federal Court against only the Individual Defendants. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party."). That, of course, was Plaintiff's hope when he originally filed in Federal Court and before the State intervened. *See* ECF Doc. 28 at 2. However, if the Court finds that the State is—as the State has argued—a necessary and indispensable party, then the claim must be remanded, as the claim cannot proceed without the State and the State's assertion of Eleventh Amendment immunity destroys subject matter jurisdiction over the claim.

Finally, if the Court were to find some fault with the State's asserted Eleventh Amendment immunity as to either claim, it must still consider Defendants' jurisdictional

standing arguments. *See* ECF Doc. 28 at 4-5. If Plaintiff lacks standing, that too should lead to remand, not dismissal.

In the end, Plaintiff does not care where he pursues these claims. But Defendants cannot have it both ways; they cannot claim lack of subject jurisdiction for dismissal purposes, while ignoring the removal statute's remand mandate for that same lack of jurisdiction. From Plaintiff's perspective, both claims must be remanded. But failing to remand would mean that the State's assertion of Eleventh Amendment immunity was somehow faulty ***and*** that Plaintiff has Article III standing. In that event, Plaintiff welcomes federal jurisdiction and looks forward to litigation in this forum.

### III. CONCLUSION

For the forgoing reasons, Plaintiff's motion for remand should be granted.

Respectfully submitted,

By: s/Alexander Hood
Alexander Hood
Attorney for the Plaintiff
1410 High St., Suite 300
Denver, CO 80218
Ph: 802-578-5682
Email: AlexanderHoodLaw@gmail.com

**Certificate of Service**

  I hereby certify that on August 31, 2018, I served a true and correct copy of the forgoing on all parties that have appeared pursuant to Fed. R. Civ. P. 5.

                s/Alexander Hood
                Alexander Hood