**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-1710-KMT

ROGER HILL,

*Plaintiff*,

v.

MARK EVERETT WARSEWA,
LINDA JOSEPH, and
THE STATE OF COLORADO,

*Defendants*.

---

**THE STATE OF COLORADO'S**
**REPLY IN SUPPORT OF ITS MOTION TO DISMISS [ECF NO. 27]**

---

This case is not truly a dispute about one person's preferred fishing grounds. Plaintiff is using an argument about fishing access as window dressing for a much broader, wide-ranging public policy debate. As Plaintiff has framed it, this case is an attempt by a single private party to step into the shoes of the State to disrupt settled property rights on a 300-mile stretch of river. Plaintiff, however, has no power to litigate that broad (and settled) policy question, regardless of the forum. Rather than remand to state court and further delay resolution of this case, the Court should dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## ARGUMENT

### I. Dismissal is the appropriate remedy and, contrary to Plaintiff's arguments, the Court is not required to further delay resolution of this case by remanding to state court.

Plaintiff fails to distinguish the on-point, binding cases cited in the Motion to Dismiss that rebut his attempt to further delay a ruling in this case by remanding to state court. *Ruhrgas*

*AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999) (upholding the district court's dismissal for lack of personal jurisdiction, as an alternative to remand after removal from state court); *VR Acquisitions, LLC v. Wasatch Cty.*, 853 F.3d 1142, 1146 n.3 (10th Cir. 2017) (holding that courts can decline to address jurisdictional issues and instead dismiss litigation on threshold grounds); *Wilderness Soc'y v. Kane Cty.*, 632 F.3d 1162, 1168 (10th Cir. 2011) (en banc) (proceeding directly to prudential standing without considering constitutional standing). Instead, Plaintiff cites two different cases for the proposition that "[t]his Court must consider the Rule 12(b)(1) arguments regarding lack of subject matter jurisdiction before proceeding to Defendant's non-jurisdictional arguments." *Response to Mots. to Dismiss*, ECF No. 35, p. 7. As an initial matter, that argument directly contravenes *Ruhrgas AG*, *VR Acquisitions*, and *Wilderness Society.* Even putting that aside, however, neither of Plaintiff's cases requires remand here.

Plaintiff relies principally on *Bell v. Hood*, 327 U.S. 678 (1946), a case decided five decades before *Ruhrgas AG* that has nothing to do with the issues here. In *Bell*, the Court held that a complaint seeking recovery under federal law may be litigated in federal court. *Id*. at 681–82 ("[W]here the complaint, as here, is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court … must entertain the suit."). Here, Plaintiff explicitly attempts to raise a federal claim. ECF No. 35, pp. 5–6 (describing this case as an "issue of federal law"). Thus, if it is at all relevant, *Bell* supports rather than undermines the conclusion that this Court may proceed to analyze the viability of the complaint. And, in doing so, the Court must dismiss this case because Plaintiff so clearly fails to satisfy principles of standing, as the Motion to Dismiss explains. ECF No. 27, pp. 6–9 (explaining Plaintiff lacks Article III and third-party standing).

The other case Plaintiff cites, *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238 (10th Cir. 2005), is likewise inapposite. In *Cunningham*, a case raising state-law claims, the District Court for the District of Colorado entered various substantive and procedural orders (including summary judgment, dismissal for failure to prosecute, and consolidation) despite jurisdictional defects. *Id*. at 1245–46. The Tenth Circuit held that this was improper and that remand to state court was appropriate. *Id*. But *Cunningham* said nothing about the situation here—where the complaint clearly fails to satisfy threshold requirements like standing, no matter the forum. This situation is governed instead by *Ruhrgas AG*, which specifically held that dismissal, not remand, is an appropriate remedy when a plaintiff fails to satisfy such threshold requirements. 526 U.S. at 585.

Seeking to avoid that outcome, Plaintiff concedes sovereign immunity while at the same time claiming that sovereign immunity does not "doom Plaintiff's claims against the Individual Defendants." ECF No. 35 at 8. This court need not sort through these confusing and contradictory arguments. It has a much simpler option: dismiss this case because it clearly fails to satisfy threshold requirements under binding precedent. *See Sw. Four Wheel Drive Ass'n v. Bureau of Land Mgmt.*, 363 F.3d 1069 (10th Cir. 2004) (holding that off-road vehicle enthusiasts, as members of public, do not have title in public roads and cannot assert counties' putative rights-of-way against the federal government); *Wilderness Society*, 632 F.3d at 1172 (holding that the Wilderness Society lacked prudential standing to enforce the federal government's property rights in lands over which a county claimed rights-of-way); *Kinscherff v. United States*, 586 F.2d 159, 160 (10th Cir. 1978) (explaining that members of the public do not have "title" in public roads and cannot maintain an action to quiet title in them, despite their use

and enjoyment of them). That is the approach sanctioned by the United States Supreme Court in *Ruhrgas AG*—particularly where, as here, "concerns of judicial economy and restraint are overriding" and favor dismissal. 526 U.S. at 586. Rather than allow Plaintiff to further delay a ruling by remanding to state court, this Court should dismiss the case.

**II. Plaintiff lacks standing because he has no legally protectable interest in the State's putative title to lands underlying navigable streams.**

All of Plaintiff's arguments in favor of standing are premised on his conclusion that if the State holds title to lands underlying the Arkansas, then Plaintiff has a right to fish there "based on a servitude that encumbers the State's [alleged] title." ECF No. 35, p. 15. Plaintiff wrongly argues that servitude is imposed by the equal-footing doctrine and navigability for title. This is not true: even if a stream is determined to be navigable and therefore its bed is under state ownership, the scope of a "public trust" governing lands underlying navigable streams is determined by state, not federal, law. *PPL Montana, LLC v. Montana*, 565 U.S. 576, 603–04 (2012) ("Under accepted principles of federalism, the States retain residual power to determine the scope of the public trust over waters within their borders, while federal law determines riverbed title under the equal-footing doctrine."). Federal law merely determines *whether* the State holds title—it does not determine the scope of that title. *Id*. ("While equal-footing cases have noted that the State takes title to the navigable waters and their beds in trust for the public, the contours of that public trust do not depend upon the Constitution.").

This is why decisions from other states applying a state-law "public trust" doctrine—like those Plaintiff cites—are irrelevant to whether private parties have standing to litigate the State's putative title to lands under federal law. Those decisions pronounce state law *assuming* navigability has been determined—they do not pronounce federal law governing state title in the

first instance. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 285 (1997) ("[*Illinois Central R. Co. v. Illinois*, 146 U.S. 387, 452 (1892)] was *necessarily* a statement of Illinois law." (emphasis added)). Plaintiff's "leading" case, ECF No. 25, p. 15, *Marks v. Whitney*, 6 Cal. 3d 252 (1971), is nothing more than a statement of California law, based on the court's reading of the California constitution. *Nat'l Audubon Soc'y v. Superior Court*, 658 P.2d 709, 727 (Cal. 1983) (citing *Marks* as the first case to recognize the public trust doctrine in the California constitution); *see In re Title, Ballot Title, Submission Clause for 2011-2012 No. 3,* 274 P.3d 562, 573, ¶42 n.1 (Colo. 2012) (explaining that California's public trust doctrine is "based on constitutional provisions which they held embodied the public trust doctrine, and not simply on a direct application of the common law doctrine").

Unlike California and Illinois, Colorado—like the majority of States—has rejected the public trust doctrine. *City of Longmont v. Colorado Oil & Gas Ass'n*, 369 P.3d 573, 586 (holding that "[t]he Colorado Constitution does not include a [public trust] … nor have we seen, any applicable Colorado case law adopting the public trust doctrine in this state."); *In re Title*, 274 P.3d at 573 (explaining that the public trust doctrine "has never been the law in Colorado's 'pure' prior appropriation system").[1]

In those States where has access and navigability have been litigated by private parties, that litigation has proceeded because a specific State statute allows private parties to sue. In

[1] This is also why certification to the Colorado Supreme Court to determine the status of the public trust doctrine under state law is unnecessary. ECF No. 35, p. 19. The status of the public trust doctrine in Colorado is settled under *Longmont* and other cases. And the only claim here is a federal one—whether, under federal law, the State in fact holds title to the lands at issue. Plaintiff admits precisely that. *Id*. at 18 ("Plaintiff alleges the State holds title to the riverbed …."); *id*. at 5–6 (claiming that this case is governed by federal law).

Utah, for example, State statutes entitle the public to use "public waters" for recreation. Utah Code Ann. § 73-29-203, and any person may file suit to quiet title in a right to public recreational access. Utah Code Ann. § 73-29-204. Similarly, the Arizona Navigable Stream Adjudication Commission is charged with determining which rivers within Arizona were navigable at statehood. Ariz. Rev. Stat. Ann. § 37-1126 (requiring commission to "schedule public hearings to receive additional evidence and testimony relating to navigability or nonnavigability of each watercourse, and, if the commission finds a watercourse is navigable, the commission shall schedule public hearings to identify and make a public report of any public trust values associated with the watercourse"). Private citizens may participate in hearings and present evidence to the commission, Ariz. Rev. Stat. Ann. § 37-1123, and "[a]ny person who is aggrieved by the commission's determination" may seek review of the determination in county court. Ariz. Rev. Stat. Ann. § 37-1129. No similar laws exist in Colorado.[2]

Because neither federal law nor state law entitles Plaintiff to litigate the State's putative title or the public's resulting right to access state-owned lands, the Court should dismiss the case.

---

[2] Plaintiff's Response spends several pages arguing that this case is not a "generalized grievance." ECF No. 35, pp. 16. This case is indeed a "generalized grievance" under federal standing jurisprudence; Plaintiff is no different from other members of the public in Colorado and elsewhere that might wish to invalidate private ownership of the lands at issue. *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (explaining that a harm "shared in substantially equal measure by all or a large class of citizens" is not appropriate for federal jurisdiction). As the Motion to Dismiss explains, however, this case is most clearly defective because Plaintiff lacks a protected legal interest in the State's title, and he has no power to sue in the name of the State. ECF No. 27, pp. 6–9.

### III. Plaintiff has no claim to real property and, thus, fails to state a claim for relief under black-letter law.

Plaintiff asserts no title interest in the bed of the Arkansas River. *E.g.*, First Am. Compl. ¶¶ 1, 13, 50, 61, 63, 69, 73 (repeatedly admitting that Plaintiff is attempting to assert the State's "exclusive" property rights). Because he asserts no title interest of his own, he fails to state a claim for relief under black-letter law and the case should be dismissed.

In quiet title actions, a plaintiff may only recover an interest in property by asserting title. *Kanab Uranium Corp. v. Consol. Uranium Mines*, 227 F.2d 434, 436 (10th Cir. 1955) ("[I]t is the law ***without exception*** that in all actions to recover possession of land or an interest therein one must prevail upon the strength of his own title and not on the weakness of his adversary's title.") (emphasis added). Members of the public do not have a title interest in state-owned lands and do not have standing to litigate title issues based on generalized public interests in the land. *Brotman v. E. Lake Creek Ranch, L.L.P.*, 31 P.3d 886, 895 (Colo. 2001) (concluding that a private ranch "does not have standing as an adjacent landowner, as a taxpayer, or as a beneficiary of the school lands trust" to enjoin transfer of title in lands from the State School Land Board to another private citizen).

Plaintiff asserts that it can maintain this action to quiet title based on a generalized public interest in the property—not a title interest. ECF No. 35, p. 19. That interest, however, is insufficient to maintain this action to assert title on behalf of the State and Plaintiff likewise cannot force Defendants Warsewa and Joseph to defend their own title. This case must therefore be dismissed under Rule 12(b)(6).

## CONCLUSION

The First Amended Complaint must be dismissed under Rules 12(b)(1) and 12(b)(6).

CYNTHIA H. COFFMAN
Attorney General

*/s/Scott Steinbrecher*

SCOTT STEINBRECHER*
Senior Assistant Attorney General

DANIEL E. STEUER*
Senior Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, Colorado 80203

Telephone: (720) 508-6000

E-mail:
scott.steinbrecher@coag.gov

daniel.steuer@coag.gov

**Counsel of Record for the State of Colorado*

**CERTIFICATE OF SERVICE**

I certify that on September 7, 2018, I electronically filed this Reply in Support of the Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following:

Alexander Neville Hood
TOWARDS JUSTICE—DENVER
*Counsel for Plaintiff Roger Hill*

Kirk Holleyman
KIRK HOLLEYMAN, PC
*Counsel for Defendants Warsewa and Joseph*

*/s/ Nan Edwards*