IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01710 (KMT)

ROGER HILL, an individual,           )
                                     )
                    Plaintiff        )
vs.                                  )
                                     )
MARK WARSEWA an individual;          )
LINDA JOSEPH, an individual,         )
and the State of Colorado            )
                    Defendants)

**DEFENDANTS WARSEWA'S AND JOSEPH'S REPLY TO PLAINTIFF'S RESPONSE [ECF 35] TO MOTIONS TO DISMISS [ECF 21 AND 27]**

Defendants Mark Warsewa and Linda Joseph ("Defendants"), by and through their attorneys Kirk B. Holleyman and Kirk Holleyman, P.C. submit this Reply to Plaintiff's Response [ECF 35] to Motions To Dismiss [ECF 21 AND 27] ("Response").

**INTRODUCTION**

These Defendants argued at page 1 of their Motion to Dismiss [ECF 21], that this Court should dismiss the entire First Amended Complaint on the threshold basis that Plaintiff lacks prudential standing. Notwithstanding the Plaintiff's Response, that is still the appropriate course for this Court to follow under *Wilderness Society v. Kane County Utah,* 632 F.3d 1162, 1165, 1168 (10th Cir. 2011), because Plaintiff's claims are barred by the third party standing rule

1

and this Court may proceed directly to that threshold issue. Not only is dismissal for lack of prudential standing warranted, such dismissal also would obviate the need to reach the thornier issues of Article III constitutional standing and sovereign immunity. Moreover, as a matter of law, because such dismissal would not be on jurisdictional grounds, *id.* at 1168 n.1[1] and VR *Acquisitions LLC v. Wasatch Cty.,* 853 F.3d 1142, 1146 n. 4 (10th Cir. 2017)[2], it would also render moot Plaintiff's Motion to Remand, and the need to decide which claims would be remanded and which would stay in this Court under *Wisconsin Department of Corrections v. Schacht,* 524 U.S. 381, 391, 118 S.Ct. 2047, 141 L.Ed.2d 364, 66 U.S.L.W. 4531(1998).

## ARGUMENT

**1. Plaintiff's First Amended Complaint Should Be Dismissed For Lack of Prudential Standing**

Plaintiff attempts to avoid the third party standing rule that would authorize dismissal for lack of prudential standing.  Plaintiff cannot avoid the fact that his entire claim of standing is dependent on his contention "that the disputed portion of the bed of the Arkansas River is public land owned by the state of Colorado and held in trust for the people of Colorado".  (First Amended Complaint, paragraphs 61-65).  That claim is not supported by law in Colorado and therefore

---

[1] "Although prudential standing is not a jurisdictional limitation…"
[2] "Because VRA hasn't argued otherwise, we assume without deciding that it is appropriate to dismiss a complaint under Rule 12(b)(6), rather than Rule 12(b)(1), when the plaintiff lacks prudential standing. Because such standing isn't jurisdictional, *see Wilderness Soc'y*, 632 F.3d at 1168 n.1, other courts have concluded that dismissals under Rule 12(b) (6) for lack of prudential standing are appropriate…"

Plaintiff lacks prudential standing under *Wilderness Society v. Kane County Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011).

His claim of standing is based on the decision in *Illinois Central Railroad v. Illinois*, 146 U.S. 387, 452 (1892).  The Supreme Court while explaining the different characteristics of state ownership of lands under riverbeds determined that the party in that case had standing because the state (Illinois) held title in public trust ("that it is held in trust for the public to use in commerce, navigation, and fishing").  Plaintiff's reliance on that case is misplaced because it is a statement of Illinois law which recognizes the public trust doctrine (As explained below Colorado does not recognize the public trust doctrine). See *PPL Montana, LLC v. Montana,* 565 U.S. 576, 603-604 (2012) ("*Illinois Central*, a Supreme Court public trust case, was" 'necessarily a statement of Illinois law'") citing *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 285, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997).

Whether there is a public trust doctrine and if so what it encompasses is a matter of state law. *See PPL Montana, LLC v. Montana,* 565 U.S. 576, 603-604 (2012) ("…the public trust doctrine remains a matter of state law,… the contours of that public trust do not depend upon the Constitution. Under accepted principles of federalism, the States retain residual power to determine the scope of the public trust over waters within their borders, while federal law determines riverbed title under the equal-footing doctrine.") As set forth below, there is no public trust doctrine in Colorado, and therefore Plaintiff does not have prudential standing.

Plaintiff's suggestion in his Brief, p. 6, that federal law imposes the public trust doctrine on Colorado ("Accordingly, if the Arkansas River is navigable for title purposes along the segment used by the Plaintiff, the State of Colorado owns the bed in trust for the public, and, accordingly, Plaintiff has the right to fish there…") is based on the cases cited by Plaintiff in note 5, that Plaintiff claims "parrot… *Illinois Central* and *Shively*." However, those cases in fact either do not stand for the proposition that federal law imposes the public trust doctrine, or were decided prior to *PPL Montana, LLC v. Montana,* 565 U.S. 576, 603-604 (2012). In *Kramer v. City of Lake Oswego,* 285 Or.App. 181, 395 P.3d 592 (2017),[3] *pet. for review allowed* 362 Or. 38. 403 P.3d 776 (Or. 2017), the Oregon Court of Appeals recognized the scope of the public trust doctrine is defined by state law, stating "Cases from other jurisdictions are of limited use because, as plaintiffs also recognize, the scope of the public-trust doctrine is a matter of individual state law…", 285 Or. App. At 209, 395 P.3d at 608, and also quoting from *See PPL Montana, LLC v. Montana,* 565 U.S. 576 (2012) stated in relevant part at note 20:

> the Court observed that the state had "misapprehend [ded]" the equal-footing and public-trust doctrines. 565 U.S. at 603. The Court noted that, "[u]nlike the equal footing doctrine ***, which is the constitutional foundation for the navigability rule of riverbed *title*, the public trust doctrine remains a matter of state law." *Id.* (emphasis added); *see also id.* at 604 (" Under accepted principles of federalism, the States retain residual power to determine the scope of the public trust over waters within their borders, while federal law determines riverbed *title* under the equal-footing doctrine." (Emphasis added.)).

---

[3] Not "(Or. 2017)" as stated by Plaintiff.

4

*Ariz. Ctr. For Law in the Pub. Interest v. Hassell,* 837 P.2d 158 (Ariz.App. 1991), was decided prior to *PPL Montana, LLC v. Montana,* 565 U.S. 576 (2012), as were all of the remaining cases cited by Plaintiff in note 5, and are thus not governing law on this issue.

There is no public trust doctrine in Colorado. *See City of Longmont v. Colorado Oil & Gas Ass'n,* 369 P.2d, 573 586 (Colo. 2016) (holding that "[t]he Colorado Constitution does not include a [public trust]…nor have we seen any applicable Colorado case law adopting the public trust doctrine in this state.") *See also In re Title, Ballot Title, Submission Clause for 2011-2102 No. 3,* 274 P.3d 562, 573 (Colo. 2012) (explaining that the public trust doctrine "has never been the law in Colorado's 'pure' appropriation system.") Therefore, Plaintiff does not have standing under the "public trust doctrine", because there is no such thing in Colorado, and Plaintiff's citations to cases from other jurisdictions are simply irrelevant.

**2. The First Amended Complaint Should Be Dismissed On Threshold Grounds For Lack of Prudential Standing**

It is proper to dismiss the First Amended Complaint for lack of prudential standing without the need to first reach issues of Article III constitutional standing, *Wilderness Society v. Kane County Utah,* 632 F.3d 1162, 1168 (10th Cir. 2011) and *VR Acquisitions LLC v. Wasatch Cty.,* 853 F.3d 1142, 1146 n. 4 (10th Cir. 2017); and without first reaching issues of sovereign immunity. *Tenet v. Doe,* 544 U.S. 1, 6 n.4, 125 S.Ct. 1230, 161 L.Ed.2d 82 (2005); *Vt. Agency of*

*Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 779-80 (2000); *Calderon v. Ashmus,* 523 U.S. 740, 745 n.2 (1998).

In *Wilderness Society v. Kane County Utah,* 632 F.3d 1162, 1170 (10th Cir. 2011) the Tenth Circuit ordered dismissal for lack of prudential standing stating "TWS rests its claims on the federal government's property rights. TWS *does not assert a valid right to relief of its own.*" [Emphasis added]. That is tantamount to stating that the Plaintiff failed to state a claim upon which relief can be granted.[4] This Court also could dismiss on the prudential standing grounds that "Plaintiff Hill does not assert a valid right to relief of his own," without the need to state under which particular federal rule of procedure dismissal is ordered.

If a particular rule under which dismissal is to take place must be denominated, there is authority that dismissal for lack of prudential standing takes place pursuant to Fed.R.Civ.P. 12(b) (6) rather than Fed.R.Civ.P. 12(b) (1). Although the Tenth Circuit has not yet decided if dismissal for lack of prudential standing is under Fed.R.Civ.P. 12(b) (6), in *VR Acquisitions LLC v. Wasatch Cty.,* 853 F.3d 1142, 1146 n. 4 (10th Cir. 2017) the Tenth Circuit cited case law authorizing dismissal under Fed.R.Civ.P. ***12(b) (6)*** for threshold lack of prudential standing:

---

[4] The Tenth Circuit did not state under which, if any, of the Federal Rules of Civil Procedure dismissal was ordered, although dismissal had been sought under Fed.R.Civ.P. Rules 12(b) (1), 12(b) (6) and 12(b) (7). ("Kane County moved to dismiss the suit in January 2006 under Rules 12(b) (1), (6) and (7). The County argued against the court's jurisdiction on several grounds, including TWS's lack of constitutional or prudential standing….") 632 F.3d at 1167.

>Because VRA hasn't argued otherwise, we assume without deciding that it is appropriate to dismiss a complaint under Rule 12(b)(6), rather than Rule 12(b)(1), when the plaintiff lacks prudential standing. Because such standing isn't jurisdictional, *see Wilderness Soc'y*, 632 F.3d at 1168 n.1, other courts have concluded that dismissals under Rule 12(b)(6) for lack of prudential standing are appropriate, *see, e.g., Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) (" Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)." ); *Genesee Cty. Emps. Ret. Sys. v. Thornburg Mortg. Secs. Trust 2006-3*, 825 F.Supp.2d 1082, 1212 (D. N.M. 2011) (citing Fifth Circuit's view that prudential and statutory standing issues should be resolved under Rule 12(b) (6)).

The United States District Court for the District of Kansas recently dismissed a complaint with prejudice on prudential standing grounds pursuant to Fed.R.Civ.P. 12(b) (6), *Hartnett v. The Farm Service Agency,* No. 18-CV-01045-EFM-GEB (June 12, 2018) stating therein:

>The Tenth Circuit has not decided whether it is appropriate to dismiss a complaint under Rule 12(b) (6), rather than Rule 12(b) (1), when the plaintiff lacks prudential standing. [footnote deleted] However, "such standing isn't jurisdictional," so the majority of courts "have concluded that dismissals under Rule 12(b) (6) for lack of prudential standing are appropriate." [footnote deleted] The Court agrees with these cases. Because Mr. Hartnett, as a non-lawyer, was not permitted to proceed pro se on behalf of the Trust, he can prove no set of facts entitling him to relief. Thus, the Court dismisses his complaint with prejudice pursuant to Rule 12(b) (6).

The Court stated at note 18:

>The case is dismissed with prejudice to refiling with respect to Mr. Hartnett because ***he is not the beneficial owner of any of the claims being asserted.*** He cannot bring another pro se action on behalf of the Trust. However, to the extent this action could be interpreted to have been brought by the Trust, the case is dismissed without prejudice. If it wishes to do so, the Trust may file a new complaint through a licensed attorney capable of providing competent representation. [Emphasis added].

Here as in *Hartnett,* Plaintiff has attempted to assert alleged claims of which he is not the owner. Here, dismissal for failure to state a claim upon which

7

relief can be granted on the grounds of lack of prudential standing—and not on jurisdictional grounds under Fed.R.Civ.P. 12(b) (1)—is the appropriate basis for dismissal. Here the Court should dismiss Plaintiff Hill's First Amended Complaint for lack of prudential standing because "Plaintiff Hill does not assert a valid right to relief of his own"—that is he fails to state a claim upon which relief can be granted.

Dismissal for lack of prudential standing would obviate for the Court to reach the thornier issues of Article III constitutional standing and sovereign immunity. It would also render moot Plaintiff's Motion to Remand which is based on the argument that the Court does not have subject matter jurisdiction, as well as obviate the need to decide which parts of the case would be remanded to state court and which parts would stay in federal court under *Wisconsin Department of Corrections v. Schacht,* 524 U.S. 381, 391, 118 S.Ct. 2047, 141 L.Ed.2d 364, 66 U.S.L.W. 4531(1998).

**3. Dismissal Rather Than Remand Also Serves The Interests of Justice**

Not only is dismissal of the First Amended Complaint for lack of prudential standing rather than remand legally proper, it is also in the interest of justice that the case be dismissed for lack of prudential standing rather than remanded to state court. The Plaintiff's claim is like that of the Wilderness Society, and is subject to the same observation made by Judge McConnell, that "***no one*** would say I have standing to sue." That is a polite way of saying it is meritless. Judge McConnell analogy, cited with approval by the Tenth Circuit as being "apt", is:

> Imagine that my next-door neighbor, who keeps his property neat and tidy, is faced with a competing claimant to the land, who is likely to allow the

8

> property to fill with weeds. I might very much hope my neighbor wins. My property values and aesthetic interests could seriously be affected. I may be impatient with my neighbor's inclination toward compromise and apparent disinclination to go to court. But no one would say I have standing to sue in defense of my neighbor's property rights. The Wilderness Society is in precisely that situation.

*Wilderness Society v. Kane County Utah,* 632 F.3d 1162, 1171 (10th Cir. 2011).

Meritless cases cost money to defend and consume judicial resources best spent elsewhere, and the pursuit of the same should be discouraged. Here, it is not in the interests of justice to remand the case to state court, so that Mr. Hill can continue to pursue these meritless claims in the state court and subject these individual defendants to legal fees and costs and the state taxpayers to the expenditure of state judicial resources and the attorney general's resources.

The Colorado Supreme Court has suggested that an issue such as that which Plaintiff seeks to raise belongs in the legislature-- not in the courts. As stated by Justice Hobbs, *In re Title, Ballot Title, Submission Clause for 2011-2102 No. 3,* 274 P.3d 562, 574 n. 6 (Colo. 2012):

> The common ground of agreement between the majority and dissent in *Emmert* rests in the majority's statement that, "If the increasing demand for recreational space on the waters of this state is to be accommodated, the legislative process is the proper method to achieve this end." 198 Colo. at 143, 597 P.2d at 1029. Justice Carrigan's dissent agrees with this proposition: "The majority opinion expressly acknowledges that ' it is within the competence of the General Assembly to modify rules of common law within constitutional parameters.' "198 Colo. at 149, 597 P.2d at 1033. Accordingly, as a legislative matter, the people could address the recreational use of the public's water resource through an initiated constitutional amendment or statute.

**4. The Case Should Also Be Dismissed For The Reasons Set Forth In The State of Colorado's Reply**

In The State of Colorado's Reply In Support Of Its Motion To Dismiss [ECF 41], counsel for the State of Colorado has ably addressed the other arguments raised by Plaintiff in the Response [ECF 35], and in the interest of brevity, these Defendants will not repeat the State of Colorado's arguments, but instead incorporate them by reference.

Dated: September 11, 2018.

KIRK HOLLEYMAN, P.C.

*/s/ Kirk B. Holleyman*
Kirk B. Holleyman, #8325
730 17th Street, Suite 340
Denver, Colorado 80202
Telephone: (303) 436-1699
kirkholleyman@aol.com
ATTORNEY FOR DEFENDANTS
MARK WARSEWA and LINDA JOSEPH

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2018, I caused a copy of the foregoing to be served via CM/ECF pursuant to Fed.R.Civ.P. 5 on all counsel who have entered their appearance in this case.

   */s/ Kirk B. Holleyman*
_____