IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 18-cv-01710-KMT

ROGER HILL,

    Plaintiff,

v.

MARK EVERETT WARSEWA,
LINDA JOSEPH, and
THE STATE OF COLORADO

    Defendants.

**MOTION TO CERTIFY QUESTION OF THE NATURE OF THE STATE OF COLORADO'S TITLE IN NAVIGABLE RIVERBEDS TO THE COLORADO SUPREME COURT PURSUANT TO COLO. APP. R. 21.1(a)**

**CERTIFICATE OF COMPLIANCE WITH D.COLO.LCIVR 7.1A**

The undersigned counsel for Plaintiff conferred with Defendants' counsel prior to filing this motion. All Defendants oppose this motion.

**MOTION**

In their replies to their motions to dismiss, both the Individual Defendants (Warsewa and Joseph) and the State of Colorado argue there is no "public trust doctrine" in the State of Colorado and, therefore, that the State's title to navigable riverbeds does not permit public access. *See* ECF Docs. 41 at 5, 42 at 5. Plaintiff, of course, believes that this Court need not reach the issue of the nature of the State's title. The issue does not bear on whether the Court should remand for lack of subject matter jurisdiction. *See* ECF Doc. 28. Moreover, even if the Court has subject matter jurisdiction, the Court need not address this merits issue to find that Plaintiff has standing. *See* ECF Doc. 35 at 7 (distinguishing between merits issues and standing).

1

And, perhaps most importantly, Plaintiff does not even assert third-party standing, which is the strawman issue contrived by Defendants which they erroneously claim cannot be resolved without considering the nature of state riverbed title. *See* ECF Doc. 35 at 16 ("Plaintiff does not assert third-party standing").

But if the Court does decide, as Defendants invite, that it must reach the issue of the nature of the State's title to navigable riverbeds in order to decide any of the pending motions—ECF Docs. 21 (motion to dismiss), 27 (motion to dismiss), 28 (motion for remand to state court)—, then the Court should certify the issue to the Colorado Supreme Court. *See* Colo. App. R. 21.1(a). The Colorado Supreme Court has never addressed this issue and this issue is one of statewide importance. *See Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990) (Certification may be appropriate "where the legal question at issue is novel and the applicable state law is unsettled."); ECF Doc. 27 at 1 (State of Colorado's purported parade of horribles if Plaintiff is successful under his legal theory).

The State is simply wrong to claim that this issue is "settled" under Colorado law. *See* ECF Doc. 41 n. 1 (State arguing certification is unnecessary because the law is "settled" in Colorado). Plaintiff argues that navigable riverbeds conveyed to the State of Colorado at statehood under the Federal Constitution were conveyed in trust for public fishing, commerce, and navigation. *See* ECF Doc. 35 at 4-6. Scores of Courts in other states have found the same with regard to their navigable riverbeds. *Id.* n. 5 (citing cases). In fact, Plaintiff's counsel is unaware of any state supreme court holding otherwise, including Colorado's. The only time the Colorado Supreme Court considered the issue of public access to Colorado riverbeds, it made

clear that that the riverbed at issue was assumed to be non-navigable before finding no public access:[1]

> The validity of the conviction depends upon our determination of the following question: Did the defendants have a right under section 5 of Article XVI of the Constitution of Colorado to float and fish on a ***non-navigable*** natural stream….

*People v. Emmert*, 597 P. 2d 1025, 1026 (Colo. 1979) (emphasis added). If navigability does not bear on public access, **why would the Colorado Supreme Court include this caveat**?

Defendants' unified position—shocking given that one Defendant is the State—is apparently that the State of Colorado may own title to the beds of navigable rivers within its borders, but the public has ***no right*** to use those beds. However, the "public trust" cases cited by Defendants for this proposition simply have nothing to do with this issue or this case.[2] *City of Longmont v. Colorado Oil & Gas Ass'n* considered whether a City of Longmont law was preempted by state statute. *See generally* 369 P.3d. 573 (Colo. 2016). In finding preemption, the Court found that the Colorado Constitution did not contain a provision like that in the Pennsylvania constitution which "uniquely" created a public trust doctrine broadly protecting the environment and allowing the Pennsylvania Supreme Court to strike down a state law prohibiting local regulation of oil and gas development. *Id.* at 586. Plaintiff is at a loss as to what this has to do with the nature of the State of Colorado's title in navigable riverbed, let alone how it settles the issue.

---

[1] The *Emmert* case involved the Colorado River and the parties had stipulated that the reach of the River at issue in that case was not navigable for purposes of the Court's consideration of public access rights. 597 P.2d at 1026 ("The parties stipulated that the river is non-navigable and had not historically been used for commercial or trade purposes of any kind."). No evidence was presented, however, to support or refute this claim, and the Court simply accepted the stipulation for purposes of rendering its decision. That finding is limited to that case and those parties. The stipulation in *Emmert* cannot bind parties in future litigation.
[2] The State also claims "other cases" establish this issue as settled under Colorado law. ECF Docs. 41 n. 5. This vague citation is hardly convincing and should be ignored.

Similarly inapposite is *In re Title, Ballot Title, Submission Clause for 2011-2102 No. 3*, 274 P.3d 562, 573 (Colo. 2012). There, the Colorado Supreme Court considered whether a state constitution ballot initiative on public stream access was a "single question." *Id.* Nowhere does the Court say anything about the nature of the State's title in navigable riverbeds. Indeed, in dissent, Justice Hobbs reaffirms *Emmert*, with the same "non-navigable" caveat:

> In [*Emmert*], we ruled that the banks and beds of **non-navigable** streams in Colorado are not owned by the State of Colorado or the public at large….

*Id.* at 572 (dissent with emphasis added). Again, if, as Defendants suggest, navigability has nothing to do with public access, why does the Colorado Supreme Court insist on a river being non-navigable for the public to be barred?

Finally, *PPL Montana* does not, as Defendants argue, allow a state to entirely abandon its fiduciary responsibility to allow the public to use state-owned navigable rivers for fishing, navigation, and commerce. At best, *PPL Montana* simply states that the ***scope***, not the ***existence***, of the public's rights to navigable riverbeds is left to state law:

> While equal footing cases have noted that the State takes title to the navigable waters and their beds in trust for the public the contours of that public trust do not depend upon the Constitution. Under accepted principles of federalism, the States retain residual power to determine **the scope of the public trust over waters within their borders**, while federal law determines riverbed title under the equal-footing doctrine.

*See PPL Mont., LLC v. Montana*, 565 U.S. 576, 604 (2012) (citing *Shively v. Bowlby*, 152 U.S. 1, 49 (1894) (emphasis added)).

## CONCLUSION

The issue of the nature of the State's title in navigable riverbeds has never been considered directly by the Colorado Supreme Court. If this Court believes it must reach this issue in order to decide the motions ripe before it, Plaintiff requests that the issue be certified to the Colorado Supreme Court pursuant to Colo. App. R. 21.1(a).

Respectfully submitted,

By: <u>s/Alexander Hood</u>
Alexander Hood
Attorney for the Plaintiff
1410 High St., Suite 300
Denver, CO 80218
Ph: 802-578-5682
Email: AlexanderHoodLaw@gmail.com

**Certificate of Service**

      I hereby certify that on September 18, 2018, I served a true and correct copy of the forgoing on all parties that have appeared pursuant to Fed. R. Civ. P. 5.

                                                       s/Alexander Hood
                                                    Alexander Hood