**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-1710-KMT

ROGER HILL,

     *Plaintiff*,

v.

MARK EVERETT WARSEWA,
LINDA JOSEPH, and
THE STATE OF COLORADO,

     *Defendants.*

---

**THE STATE OF COLORADO'S
RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY A QUESTION TO
THE COLORADO SUPREME COURT [ECF NO. 43]**

---

Plaintiff asks this Court to certify to the Colorado Supreme Court "the question of the nature of the State of Colorado's title in navigable riverbeds." ECF No. 43, p.1. This Court should deny the motion to certify. As a preliminary matter, Plaintiff has not proven subject-matter jurisdiction in any court. Plaintiff's motion thus attempts to bypass jurisdictional requirements to obtain an advisory opinion from the Colorado Supreme Court. Yet without jurisdiction, this Court cannot certify a question of law to the Colorado Supreme Court, nor can the Colorado Supreme Court answer the question. Because Plaintiff has not yet proven that this Court has jurisdiction, this Court should deny the motion.

Independent from the jurisdictional issue, the Court should deny the motion to certify because Plaintiff fails to prove that the proposed question for certification

1

is both dispositive of the case and unsettled under Colorado law.  In fact, Plaintiff himself argues the question for certification is *not* dispositive of the case because neither the motion for remand nor the motions to dismiss require the Court to answer the question.  Thus, the Colorado Supreme Court's opinion on that question would be advisory and not dispositive.  Plaintiff also has not established that the question is unsettled in Colorado.  The Colorado Supreme Court has held that the Colorado Constitution does not include the public trust doctrine. And repeated unsuccessful attempts to amend the Colorado Constitution to include a public trust only confirm that the doctrine does not exist in Colorado.  Furthermore, Colorado statutes do not create an unfettered right to fish on lands to which the State holds title, which is an essential underlying part of Plaintiff's claim.  For these reasons, the Court should deny Plaintiff's motion to certify to the Colorado Supreme Court the question of the nature of the State of Colorado's title in navigable riverbeds.

Separate from the above reasons for denying the motion, the motion also confirms that the Court should grant Defendants' motion to dismiss the First Amended Complaint. That is because Plaintiff requests certification of an issue that is contrary to the legal conclusions underlying his asserted claims for relief. Specifically, the First Amended Complaint relies upon the erroneous legal conclusion that the federal doctrine of navigability-for-title guarantees Plaintiff a right to fish.  Yet, the motion for certification now concedes that state law governs Plaintiff's right to fish on navigable riverbeds. Because Plaintiff's First Amended Complaint relies upon an erroneous legal conclusion, the Court should not certify

any question to the Colorado Supreme Court and should instead dismiss the First Amended Complaint.

## I.   The Court should not certify a question to the Colorado Supreme Court before Plaintiff proves jurisdiction.

Currently pending before this Court are Defendants' motions to dismiss for lack of jurisdiction, ECF Nos. 21, 27, and Plaintiff's motion to remand for lack of jurisdiction, ECF No. 28.   As explained in the State's briefing on those motions, both this Court and the state court from which the case was removed lack subject-matter jurisdiction over the First Amended Complaint because, among other reasons, Plaintiff lacks both constitutional and prudential standing to litigate the State's title in lands.   *E.g.,* ECF. No. 34, pp. 3–4 ("The defects in this case will not disappear if this Court grants Plaintiff's remand motion. State law is clear that Plaintiff lacks authority to litigate the State's perceived title in lands even in state court.").   Thus, even if the Colorado Supreme Court were to accept and decide Plaintiff's proposed certified question now, both this Court and the state court might later determine that they lack subject-matter jurisdiction over Plaintiff's claims.   In that scenario, any decision by the Colorado Supreme Court would be an improper advisory opinion.   *See Farmers Ins. Exch. v. Dist. Court for Fourth Judicial Dist.*, 862 P.2d 944, 947 (Colo. 1993) ("A declaratory judgment action is only appropriate when the rights asserted by the plaintiff are present and cognizable ones. It calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts.") (internal quotations

omitted).  Because Plaintiff has not met its burden of proving subject-matter jurisdiction in any court, the Court should deny the motion to certify.

## II.   The Court should deny the motion for certification because Plaintiff has failed to demonstrate that the question is both dispositive and unsettled under Colorado law.

Whether to certify a question of state law to the state Supreme Court is within the discretion of the federal court. *Lehman Brothers v. Schein*, 416 U.S. 386, 391–392 (1974); *Holler v. United States*, 724 F.2d 104, 105–06 (10th Cir. 1983). Colorado permits federal courts to certify questions directly to the Colorado Supreme Court if: (i) the question of state law would be dispositive of the case, and (ii) it appears that there is no controlling precedent from the Colorado Supreme Court on the issue.  Colo. App. R. 21.1 (2018).  The federal court should deny certification where it can apply existing state law to resolve the case. *Phoenix Ins. Co. v. Heska Corp.*, No. 15-CV-2435-MSK-KMT, 2017 WL 3190380, at *3 (D. Colo. July 26, 2017).  Because Plaintiff's motion fails to demonstrate that the question is dispositive and unsettled under Colorado law, the Court should deny the motion.

### A.   Plaintiff concedes that the proposed question is not dispositive.

Plaintiff concedes that the question he proposes for certification is not dispositive of the case and argues that this Court need not even reach the issue. ECF No. 43, p. 1 ("Plaintiff, of course, believes that this Court need not reach the issue of the nature of the State's title."); *id.* ("The issue does not bear on whether the Court should remand for lack of subject matter jurisdiction.").  For this reason alone, the Court should deny the motion.

B.   **Colorado law does not create an unfettered right to fish.**

Although never stated expressly, Plaintiff's motion for certification implies

that under state law, if the State has title in navigable riverbeds, that title is

automatically encumbered by a public trust granting Plaintiff an unfettered right to

fish.  Yet, neither the Colorado Constitution nor any statute creates such a public

trust.  Nor does any statute create an unfettered right to fish.  Thus, even if the

State held title to lands underlying navigable streams, Plaintiff would not be

guaranteed a right to fish.  The law in Colorado is not unsettled on this point, and

the Court should deny Plaintiff's motion.

### i.   There is no public trust in Colorado creating a Constitutional right to fish.

The Colorado Constitution does not create a public trust in the State's

navigable streams or other natural resources.  *See City of Longmont v. Colorado Oil

& Gas Ass'n*, 369 P.3d 573, 586 (Colo. 2016) ("The Colorado Constitution does not

include a [public trust]…"). This is contrary to the approach taken in some other

States. *See, e.g.*, Haw. Const. art. XI, § 1 ("All public natural resources are held in

trust by the State for the benefit of the people.").  In Colorado, public rights in the

waters of natural streams are enumerated in Colo. Const. Art. 16, § 5.  Those rights

are limited: section 5 "preserve[s] the historical appropriation system of water

rights upon which the irrigation economy in Colorado was founded"; it does not

"assure public access to waters for purposes other than appropriation." *People v.

Emmert*, 597 P.2d 1025, 1028 (Colo. 1979) (citing Colo. Const. Art. 16, § 5). Thus,

the Colorado Constitution preserves the historical system of prior appropriation and

nothing more.  *Id.*  As applied to the facts of *Emmert*, that meant that section 5 does not create a public right to float on non-navigable streams.  *Id.*  This Court can apply the same reasoning to the facts of this case; Art. 16, §5 does not create a right to fish.  Therefore, the Court should deny Plaintiff's motion.  *See Phoenix Ins. Co.*, 2017 WL 3190380, at *3 (holding that the federal court should deny certification where it can apply existing state law to resolve the case).

The limited purpose of Art. 16, §5 is confirmed by numerous failed attempts to amend Art. 16, §5 to create a public trust.  *See Matter of Title, Ballot Title, Submission Clause, & Summary Adopted Mar. 20, 1996, By the Title Bd. Pertaining to Proposed Initiative 1996-6*, 917 P.2d 1277, 1278 n.2 (Colo. 1996) (quoting proposed initiative1996-6: "The State of Colorado shall adopt, and defend, a public trust doctrine to protect the public's rights and ownership in and of the waters in Colorado, and to protect the natural environment."); *Matter of Title, Ballot Title, Submission Clause, & Summary Adopted Apr. 5, 1995, by Title Bd. Pertaining to a Proposed Initiative Pub. Rights in Waters II*, 898 P.2d 1076, 1077 (Colo. 1995), as modified on denial of reh'g (July 31, 1995) (quoting proposed amendment "to adopt and defend a strong public trust doctrine regarding the public's rights and ownerships in and of the waters in Colorado").  A pair of initiatives even sought to amend Art. 16, §5 to create public access to streams in Colorado.  *In re Title, Ballot Title, Submission Clause for 2011-2012 No. 3, 2012 CO 25, ¶ 2*, 274 P.3d 562, 564 (describing proposed amendments to Art. 16, §5 to create public access "along, and on, the wetted natural perimeter" of any "natural stream in Colorado," and would

6

extend this public access right to the "naturally wetted high water mark of the stream."). The initiatives failed to become law and Art. 16, §5 remains the same as it was in *Emmert*.

These efforts to expand the scope of Art. 16, §5 to create a public trust and public fishing access to natural streams confirm that neither exists. If the public trust or public fishing rights were already guaranteed by Art. 16, §5, the proposed amendments would have been unnecessary. Because the Colorado Constitution does not recognize the public trust or public fishing access to natural streams, the question is settled and this Court should deny Plaintiff's motion for certification.

### ii.    Colorado statues do not guarantee a right to unfettered fishing on State-owned lands.

Nor has the Colorado General Assembly created an unfettered right to fish in rivers to which the State has title. This also differs from the practice in some other States. *See, e.g.*, Ariz. Rev. Stat. Ann. § 37-1101 (defining public trust land to include the bed of navigable watercourses and defining public trust purposes to include navigation and fishing). Instead, in Colorado, fishing and public access to State lands are managed by various agencies, including the Parks and Wildlife Commission. Colo. Rev. Stat. Ann. § 33-10-101 (West); §33-10-102 (authorizing the Commission to manage a variety of recreational activities, including fishing, within the State's "natural, scenic, scientific, and outdoor recreation areas"). The Commission manages fishing on State lands owned in fee, as well as those "under the control of the Commission." §33-10-102(23)–(24). Public rights to fish on those lands are limited. The Commission charges fees for the use of parks and recreation

areas, § 33-10-101(d), and may restrict or limit "the use of any such area either as to time, manner, or permitted activities" through rulemaking.  §33-10-106(2)(b).  Thus, there is no statutory right guaranteeing Plaintiff an unfettered right to fish on State-owned lands.  Because it is settled that Colorado statutes do not guarantee an unfettered right to fish on State-owned lands, the Court should deny Plaintiff's motion.

III.     **The motion for certification demonstrates that the First Amended Complaint is based on the erroneous conclusion that the federal doctrine of navigability-for-title provides Plaintiff an enforceable right to fish on navigable streams.**

Independent of the question of certification, Plaintiffs' motion confirms that the First Amended Complaint should be dismissed. In reviewing the pending motions to dismiss under Rule 12(b)(6), the Court need not accept the validity of legal conclusions.  *See Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017).  If the First Amended Complaint is based on an erroneous legal conclusion—specifically, that federal law provides Plaintiff a right of action—it must be dismissed.  *Id.* at 902 ("Such litigation cannot occur unless the" plaintiff "has been given a federal right of" his or her "own to vindicate ... under the ... statute at issue.") (quoting *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 260 (2011)).

Here, the First Amended Complaint is based on the erroneous legal conclusion that the federal doctrine of navigability-for-title provides Plaintiff a right of action to enforce its fishing rights in navigable streams.  *See* ECF No. 13, p. 8 ("[T]he disputed portion of the bed of the Arkansas River is public land owned by

8

the state of Colorado and held in trust for the people of Colorado by virtue of it being navigable for title when Colorado became a state. Accordingly, he is not trespassing by wading in that portion of the River."); *see also* ECF No. 35, p. 5 (arguing that the "nature of state ownership of the bed of navigable waters" is an "issue of federal law" that "[n]o Colorado Courts have examined"). Yet, the motion for certification now concedes that any right to access navigable streams in Colorado is a matter of state law. ECF No. 43, p. 4 (admitting that the scope "of the public's rights to navigable riverbeds is left to state law"); *accord PPL Montana, LLC v. Montana*, 565 U.S. 576, 603–04 (2012) ("Under accepted principles of federalism, the States retain residual power to determine the scope of the public trust over waters within their borders, while federal law determines riverbed title under the equal-footing doctrine.").

Because all of the claims in the First Amended Complaint are based on the erroneous legal conclusion that the federal doctrine of navigability-for-title provides Plaintiff a right of action to enforce its fishing rights in navigable streams, the Court should not certify any question to the Colorado Supreme Court and should instead dismiss the First Amended Complaint.

## CONCLUSION

The Motion for Certification to the Colorado Supreme Court should be denied.

RESPECTFULLY submitted this 9th day of October, 2018.

CYNTHIA H. COFFMAN
Attorney General

*/s/ Scott Steinbrecher*

SCOTT STEINBRECHER*
Senior Assistant Attorney General

DANIEL E. STEUER*

Senior Assistant Attorney General

Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, Colorado 80203

Telephone: (720) 508-6000

E-mail:
 scott.steinbrecher@coag.gov

 daniel.steuer@coag.gov

**Counsel of Record for the State of Colorado*

## CERTIFICATE OF SERVICE

I certify that on October 9, 2018, I electronically filed this Response to

Plaintiff's Motion to Certify a Question to the Colorado Supreme Court with the

Clerk of the Court using the CM/ECF system, which will send notification of the

filing to the following:

> Alexander Neville Hood
> TOWARDS JUSTICE—DENVER
> *Counsel for Plaintiff Roger Hill*
>
> Kirk Holleyman
> KIRK HOLLEYMAN, PC
> *Counsel for Defendants Warsewa and Joseph*

*/s/ Nan Edwards*