IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 18-cv-01710-KMT

ROGER HILL,

    Plaintiff,

v.

MARK EVERETT WARSEWA,
LINDA JOSEPH, and
THE STATE OF COLORADO

    Defendants.

**REPLY TO MOTION TO CERTIFY QUESTION OF THE NATURE OF THE STATE OF COLORADO'S TITLE IN NAVIGABLE RIVERBEDS TO THE COLORADO SUPREME COURT PURSUANT TO COLO. APP. R. 21.1(a) [ECF DOC. 43]**

In their responses, ECF Docs. 44 and 45, Defendants attempt to cloud the fundamental issues underpinning this motion. To be clear, (1) the Colorado Supreme Court has ***never*** confronted the nature of the public's right to access and use ***navigable*** rivers in Colorado and (2) several of Defendants' arguments in their motions to dismiss, including their standing arguments, rely on Plaintiff having ***no*** right to access or use state-owned navigable riverbeds. *See, e.g.,* ECF Docs. 21 at 6-15, 27 at 6-7, 41 at 4-6, 42 at 3-5 (Defendants arguing Plaintiff has no legally protecting interest in a finding of navigability because that finding would not permit him access to the river). That makes this both an issue of first impression ***and*** dispositive,[1] the two requirements for certification to the Colorado Supreme Court under Colo. App. R. 21.1(a).

---

[1] Defendants point out that Plaintiff does not believe that the proposed certified question is dispositive. That is right. He believes the Court should remand for lack of jurisdiction without reaching the question, ECF Doc. 28, and that, even without remand, the Court does not need to reach the question to find standing, ECF Doc. 35 at 7 (legally protected interest does not require reaching the question of the public's right in navigable riverbeds). But Defendants insist that

1

As an initial matter, the ridiculous outcome Defendants propose bears articulating. Defendants rightly appear to concede that the State of Colorado took title to all navigable riverbeds within its borders at statehood. That, after all, is a well-established Federal Constitutional principle. *See PPl Montana, LLC v. Montana,* 565 U.S. at 589-93 (2012). Instead, Defendants seem to argue that it is "settled" in Colorado that the public has no right to use these state-owned riverbeds. *See* ECF Doc. 44 at 5. That odd outcome is expressed nowhere in Colorado law.

The Court should not be duped by Defendants' journey through the Colorado Constitution and statutes in an attempt to exclude the possibility of this public right in state-owned navigable riverbeds. *See* ECF Doc. 44 at 5-9. The lack of a state constitutional provision or statue on point is hardly dispositive of the question. While some states may have codified the nature of a state's title in navigable riverbeds, most have simply applied the common law. *See* ECF Doc. 35 n. 5 (listing state cases). The Colorado Supreme Court could, and Plaintiff would argue should, do the same here. Regardless, these are all arguments best left to the Colorado Supreme Court after certification.

Further, Defendants attempt to confuse the issue by citing to Colorado cases considering public access to non-navigable rivers and framing the issue as whether the public has unfettered rights in **all** rivers and streams. *See, e.g.,* ECF Doc. 44 at 5-9 (citing *People v. Emmert,* 597 P.2d 1025, 1028 (Colo. 1979)). But this case is about navigable rivers, not all rivers. And, as Plaintiff pointed out in his Motion, the same Colorado Supreme Court case relied on by Defendants took great pains to state that the riverbed at issue was non-navigable before finding no public access:

---

remand is inappropriate and that standing relies on the proposed certified question, *i.e.*, the nature of the state's title in navigable riverbeds. Plaintiff is therefore arguing for certification in the alternative, if the Court disagrees with him on remand and the need to reach the issue to find standing. Plaintiff was clear about this in his Motion. ECF Doc. 43 at 1-2.

2

> The validity of the conviction depends upon our determination of the following question: Did the defendants have a right under section 5 of Article XVI of the Constitution of Colorado to float and fish on a ***non-navigable*** natural stream….

*Emmert,* 597 P. 2d at 1026 (emphasis added). This careful carveout of navigable rivers must have meaning. And it should be left to the Colorado Supreme Court to articulate that meaning.

Finally, the Individual Defendants attempt a new form of same unconstitutional argument that all Defendants raised for the first time in reply to their motions to dismiss, *i.e.,* that the Court should skip the jurisdictional question, move immediately to their non-jurisdictional prudential standing argument, and dismiss without certifying the question. *See* ECF Doc. 45 at 1-2; *see also* ECF Doc. 41 at 1-4, 42 at 6-8 (replies arguing that the Court should skip jurisdictional questions and dismiss on the merits).[2] It is simply fundamental that federal courts cannot exercise the power to make decisions on the merits if they do not have the power to do so, *i.e.*, if they do not have jurisdiction. The Supreme Court has been abundantly clear about this. *See Steel Co. v. Citizens for Better Environment*, 523 U. S. 83, 94-102 (1998) ("The requirement that jurisdiction be established as a threshold matter is inflexible and without exception…." (quotations omitted)); *see also Ruhrgas Ag v. Marathon Oil Co.,* 526 US 574, 584-85 (1999) (questions of subject matter jurisdiction and personal jurisdiction must precede merits consideration); *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F. 3d 1238, 1245 (10th Cir. 2005)("[B]ecause the district court never had jurisdiction over the case, it had no power to rule on any substantive motions or to enter judgment in the case."). If the certified question is required to determine the Court has subject matter jurisdiction, then that question must be answered before the non-jurisdictional question of

---

[2] Plaintiff again reiterates that he did not plead, nor argue for, third-party standing. ECF Doc. 35 at 16 ("Plaintiff does not assert third-party standing…."). Defendants have conjured this argument to argue against. Plaintiff asserts standing based on his own individualized harm. *Id.* at 9-16.

prudential third-party standing. *See Wilderness Soc. v. Kane Cnty., Utah,* 632 F.3d 1162, 1168 n. 1 (10th Cir.2011) ("prudential standing is not a jurisdictional limitation.").

## I. CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be granted.

Respectfully submitted,

By: <u>s/Alexander Hood</u>
Alexander Hood
Attorney for the Plaintiff
1410 High St., Suite 300
Denver, CO 80218
Ph: 802-578-5682
Email: AlexanderHoodLaw@gmail.com

4

**Certificate of Service**

      I hereby certify that on October 23, 2018 I served a true and correct copy of the forgoing on all parties that have appeared pursuant to Fed. R. Civ. P. 5.

                                                  s/Alexander Hood  
                                                  Alexander Hood